Shannon O.C. Nelson (CA Bar No. 251735)
LAW OFFICES OF SHANNON O.C. NELSON
222 North Sepulveda Blvd., Suite 2000
El Segundo, California 90245
Telephone: (310) 364-5275
Facsimile: (310) 364-5276
Email: snelson@socnlaw.com

Attorney for Debtors, Sam and Kim Lopez

**ELECTRONICALLY FILED ON AUGUST 19, 2010**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re:

**SAM AND KIM LOPEZ,**

Debtors

Case No.: 1:10-bk-18450-GM

Chapter 7

**DEBTORS' OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF U.S. BANK, N.A., SUCCESSOR IN INTEREST TO FDIC AS RECIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, FA; DECLARATIONS OF SHANNON O.C. NELSON AND SAM LOPEZ IN SUPPORT HEREOF**

**Hearing Date:**
Date: September 2, 2010
Time: 9:30 a.m.
Ctrm: 1639

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, THE TRUSTEE, THE MOVING PARTY, AND OTHER INTERESTED PARTIES:**

Debtors Sam and Kim Lopez ("Debtors"), hereby oppose and object to (the "Opposition") the motion for relief from stay filed by U.S. Bank, N.A., successor in interest to FDIC as Receiver for Downey Savings and Loan Association, FA ("US BANK") (the "Motion") as follows:

## BACKGROUND

1. On July 12, 2010, Debtors filed a voluntary petition for bankruptcy protection under chapter 7 of the bankruptcy code (the "Petition Date").

LAW OFFICES OF SHANNON O.C. NELSON
ATTORNEYS AT LAW
EL SEGUNDO, CALIFORNIA

2. On or about August 5, 2010, the Motion was filed.

3. US Bank holds the mortgage in first position for the property located at 4612 Vista Del Monte Avenue, #5, Sherman Oaks, California 91403 (the "Property").

4. Debtors had been in negotiations for a settlement/modification with US Bank regarding the mortgage on the Property prior to the Petition Date.

5. Debtors have been having marital problems and are currently separated and living in two different households. Debtor Kim Lopez is currently living in the Property with the Debtors two young children.

6. When Debtors realized that a modification was not going to be possible and one of the options was a short sale[1] of the Property, they notified US Bank they were going to exercise this option and hired a real estate professional to list the Property for short sale (see **Exhibit "A"** for a true and correct copy of the Disclosure Regarding Real Estate Agency Relationship dated May 18, 2010).

7. In early June 2010, an offer was received and submitted to US Bank; which was rejected. The Debtors submitted a counter offer; however without further discussion US Bank placed the Property up for Trustee's Sale on July 13, 2010 prompting the Debtors to have to file this Case (see **Exhibit "B"** for a true and correct copy of the Counter Offer No. 1) (see **Exhibit "C"** for a true and correct copy of the Notice of Trustee's Sale).

8. On July 21, 2010, US Bank generated a rejection letter relating to the short sale offer "due to Bankruptcy 7 filing on 06/22/10" (see **Exhibit "D"** for a true and correct copy of the July 21, 2010 US Bank letter). This was odd because this Case was filed on July 12, 2010, giving the impression that if US Bank believed a case was filed on June 22, 2010 the rejection and refusal to discuss the short sale options were based on incorrect information and this matter could have been resolved prior to the filing of this Case.

9. Debtors do have a counteroffer, have re-listed the Property in order to receive any other offers, and the real estate agent is prepared to move forward (satisfying all of US Bank's

[1] Debtor Kim Lopez is currently investigating options for finding a place to move her and her children, but will need the time allowed under a sale of the Property, instead of having the Property sold right from under them.

LAW OFFICES OF SHANNON O.C. NELSON
ATTORNEYS AT LAW
EL SEGUNDO, CALIFORNIA

requirements and requests). Debtors will be filing a motion for approval of selling the Property in a short sale but needed to resolve this Motion first.

## I.

## INTRODUCTION

7. The Motion is based on the following: (a) Movant's interest in the Property is not adequately protected; (b) a default in mortgage payments; and (c) the Property is not necessary for an effective reorganization. US Bank has made some misrepresentations in the Motion, including but not limited to, that US Bank is not adequately protected, and that the Property is not necessary for an effective reorganization.

## II.

## THE LENDOR IS ADEQUATELY PROTECTED

Pursuant to 11 U.S.C. §362, the automatic stay protects debtors by stopping all collection efforts which gives the debtor breathing room from his creditors and affords him the opportunity to reorganize. *Dawson v Washington Mutual Bank, F.A. (In re Dawson)*, 390 F.3d 1139, 1147 (9th Cir. 2004).

Despite the protections under 11 U.S.C. §362, Section 362(d)(1) authorizes the bankruptcy court to grant relief from the stay upon a showing of cause. See 11 U.S.C. §362(d)(1); see also *Delaney-Morin v. Day (In re Delaney-Morin)*, 304 B.R. 365, 369 (9th Cir. BAP 2003). As there is no clear definition of what constitutes "cause", discretionary relief must be determined on a case by case basis. *Delaney-Morin*, 204 B.R. at 369.

Under *Duvar Apt., inc. v. Fed. Deposit Ins. Corp. (In re Duvar Apt., Inc.)*, 205 B.R. 196, 200 (9th Cir. BAP 1996) and pursuant to Section 362(g), the party seeking relief from stay must first establish a prima facie case that cause exists for relief under Section 362(d)(1) before the burden shifts to the debtor to show that relief from the stay is not warranted.

Here, it should first be considered that US Bank has failed to that cause exists for a claim of lack of adequate protection.

LAW OFFICES OF SHANNON O.C. NELSON
ATTORNEYS AT LAW
EL SEGUNDO, CALIFORNIA

Debtors have worked directly with US Bank to satisfy the default of the mortgage according to its rules and/or procedures. US Bank has failed to acknowledge that they agreed to accept the short sale offers and work with the Debtors on this process.

Moreover, US Bank ceased the negotiations of the short sale based on false information that this Case was filed on June 22, 2010. If not for that false information, a sale could have already been finalized and the Debtors would not have had to rush into the bankruptcy.

US Bank holds the first deed of trust for the Property at issue herein. There is no senior lender or lienholder. As stated in its Motion, there really is no equity cushion in the Property as it is valued at approximately $450,000 and the Debtors owe approximately $650,000 to US Bank. However, since the Debtors had already submitted an offer for $405,000 and was prepared to file a counteroffer to US Bank's offer of $580,000.

Finally, the Property is worth approximately $450,000 and if a short sale is accepted for an amount close to that amount, it will be more than what would be received at a Trustee's Sale. Hence the reason that if a modification is not possible, US Bank and other lenders say the next option is short sale.

LAW OFFICES OF SHANNON O.C. NELSON
ATTORNEYS AT LAW
EL SEGUNDO, CALIFORNIA

## III.

## THE DEBTORS CAN SHOW THE PROPERTY IS NECESSARY FOR AN EFFECTIVE REORGNIZATION

15. Whether a property is "necessary to an effective reorganization" means that a reasonable possibility of a successful reorganization within a reasonable time. *United Savings Association v. Timbers of Inwood Forest Associated Ltd.*, 484 U.S. 365, 98 L.Ed. 2d 740 (1988).

16. Although this is a Case under Chapter 7 (not Chapter 13 or 11), the Property is undoubtedly necessary for an effective reorganization. The purpose of filing for bankruptcy protection is to allow debtors to achieve a "fresh start." If the Debtors are not allowed to move forward with the normal process under a short sale (as agreed to by US Bank), Debtor Kim Lopez will be in danger of suddenly losing the home in which she and her small children reside and there can be no fresh start. Debtors will be allowed the time and opportunity for adequate alternative

housing for Debtor Kim Lopez and the minor children if the short sale is allowed to continue in the normal course.

## IV.

## CONCLUSION

For all of the foregoing reasons, Debtors respectfully request that this Court deny US Bank's Motion in its entirety.

Dated: August 19, 2010 LAW OFFICES OF SHANNON O.C. NELSON

By /s/ Shannon O.C. Nelson
Shannon O.C. Nelson
Attorney for Debtors

LAW OFFICES OF SHANNON O.C. NELSON
ATTORNEYS AT LAW
EL SEGUNDO, CALIFORNIA

LAW OFFICES OF SHANNON O.C. NELSON
ATTORNEYS AT LAW
EL SEGUNDO, CALIFORNIA

## DECLARATION OF SHANNON O.C. NELSON

I, Shannon O.C. Nelson, do hereby declare as follows:

1. I am the attorney for the debtors. I am over the age of 18. I have personal knowledge of the matters set forth in this declaration, except where stated to be on information and belief, and if called to testify I could and would testify competently thereto.

2. On July 12, 2010, I filed this chapter 7 bankruptcy for the Debtors in this Case (the "Petition Date").

3. US Bank holds the mortgage in first position for the property located at 4612 Vista Del Monte Avenue, #5, Sherman Oaks, California 91403 (the "Property").

4. Debtors were initially attempting to modify the mortgage with US Bank on the Property, but when personal and financial problems mounted, it became apparent that a modification was not going to be possible. US Bank denied any modification but said one option was a short sale (like most mortgage lenders in this economic climate) of the Property.

5. Debtors notified US Bank they were going to exercise the short sale option, hired a real estate professional (see **Exhibit "A"**) and submitted an offer; which was rejected. A counter offer was submitted; however without further notice US Bank placed the Property up for Trustee's Sale on July 13, 2010 prompting immediate filing of this Case (see **Exhibits "B" and "C"**).

6. On July 21, 2010, US Bank generated a rejection letter relating to the short sale offer "due to Bankruptcy 7 filing on 06/22/10" (see **Exhibit "D"**). This Case was filed on July 12, 2010.

7. Debtors have a counteroffer, have re-listed the Property in order to receive any other offers, and the real estate agent is prepared to move forward (satisfying all of US Bank's requirements and requests). Debtors will be filing a motion for approval of selling the Property in a short sale but needed to resolve this Motion first.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2010 at El Segundo, California

/s/ Shannon O.C. Nelson
Shannon O.C. Nelson

LAW OFFICES OF SHANNON O.C. NELSON
ATTORNEYS AT LAW
EL SEGUNDO, CALIFORNIA

# DECLARATION OF SAM LOPEZ

I, Sam Lopez, do hereby declare as follows:

1. I am one of the Debtors in this Case. I am over the age of 18. I have personal knowledge of the matters set forth in this declaration, except where stated to be on information and belief, and if called to testify I could and would testify competently thereto.

2. We filed a voluntary petition for bankruptcy protection under chapter 7 of the bankruptcy code on July 12, 2010 (the "Petition Date").

3. US Bank holds the mortgage in first position for our primary residence located at 4612 Vista Del Monte Avenue, #5, Sherman Oaks, California 91403 (the "Property").

4. We had been in negotiations for a settlement/modification with US Bank prior to the Petition Date. However, when we began having marital and financial problems and eventually separated, we realized that a modification was not going to be possible. US Bank's policy was that short sale was the next option for resolving the default on the mortgage contract.

5. My wife (and co-Debtor herein) continues to live with our two small children at the primary residence. So, in order to provide a satisfactory amount of notice for finding another place to live, we notified US Bank we were going to exercise the option of short sale and hired a real estate professional to list the Property (see **Exhibit "A"**).

6. In early June 2010, we received an offer and submitted it to US Bank; which it rejected. We submitted the counter offer received; however without further discussion with US Bank, we received a Notice of Trustee's Sale for July 13, 2010 (which prompted us to file this Case on an emergency basis (see **Exhibits "B"** and **"C"**).

7. After we filed this Case, we received a letter from US Bank dated July 21, 2010, reject the short sale offer "due to Bankruptcy 7 filing on 06/22/10" (see **Exhibit "D"**). However, this Case was not filed until July 12, 2010. This left the impression that we could have finalized the short sale if US Bank had not falsely believed a case was filed on June 22, 2010.

8. Our real estate agent currently has a counteroffer to submit to US bank. We also re-listed the Property in order to continue a good faith effort to obtain the highest offer.

9. Through our counsel, we will be filing a motion for approval of selling the Property in a short sale.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2010 at Los Angeles, California

*/s/ Sam Lopez*
Sam Lopez

LAW OFFICES OF SHANNON O.C. NELSON
ATTORNEYS AT LAW
EL SEGUNDO, CALIFORNIA

# EXHIBIT "A"

DocuSign Envelope ID: 99F769AF-E907-4ECF-A3C3-1E9D1801CB7F

CALIFORNIA
ASSOCIATION
OF REALTORS®

# DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP

**(Selling Firm to Buyer)**
**(As required by the Civil Code)**
**(C.A.R. Form AD, Revised 11/09)**

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

## SELLER'S AGENT

A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations.

To the Seller: A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.

To the Buyer and the Seller:

(a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
(b) A duty of honest and fair dealing and good faith.
(c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

## BUYER'S AGENT

A selling agent can, with a Buyer's consent, agree to act as agent for the Buyer only. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:

To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.

To the Buyer and the Seller:

(a) Diligent exercise of reasonable skill and care in performance of the agent's duties.
(b) A duty of honest and fair dealing and good faith.
(c) A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties.

An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

## AGENT REPRESENTING BOTH SELLER AND BUYER

A real estate agent, either acting directly or through one or more associate licensees, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer.

In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:

(a) A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
(b) Other duties to the Seller and the Buyer as stated above in their respective sections.

In representing both Seller and Buyer, the agent may not, without the express permission of the respective party, disclose to the other party that the Seller will accept a price less than the listing price or that the Buyer will pay a price greater than the price offered.

The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect his or her own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.

Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction.

**This disclosure form includes the provisions of Sections 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully.**

**I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE BACK (OR A SEPARATE PAGE).**

☒ Buyer ☐ Seller ☐ Landlord ☐ Tenant _[signature]_ Yitz Erik Weiss Date 05/18/2010

☒ Buyer ☐ Seller ☐ Landlord ☐ Tenant _[signature]_ Nechama Dina Weiss Date 05/18/2010

Agent RE/MAX Estates DRE Lic. # 01453972
Real Estate Broker (Firm)

By _[signature]_ DRE Lic. # 00996361 Date 05/18/2010
(Salesperson or Broker-Associate) Glenn Podell

AGENCY DISCLOSURE COMPLIANCE (Civil Code §2079.14):

- When the listing brokerage company also represents Buyer/Tenant: The Listing Agent shall have one AD form signed by Seller/Landlord and a different AD form signed by Buyer/Tenant.
- When Seller/Landlord and Buyer/Tenant are represented by different brokerage companies: (i) the Listing Agent shall have one AD form signed by Seller/Landlord and (ii) the Buyer's/Tenant's Agent shall have one AD form signed by Buyer/Tenant and either that same or a different AD form presented to Seller/Landlord for signature prior to presentation of the offer. If the same form is used, Seller may sign here:

Seller/Landlord _[signature]_ Kim T Lopez 05/18/2010 6/1/2010 Date Seller/Landlord _[signature]_ Sam Lopez 05/18/2010 6/1/2010 Date

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means including facsimile or computerized formats. Copyright © 1991-2009, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by ________ Date ________

CIVIL CODE SECTIONS 2079.13 THROUGH 2079.24 (2079.16 APPEARS ON THE FRONT)

DocuSign Envelope ID: 99F769AF-E907-4ECF-A3C3-1E9D1801CB7F

**2079.13** As used in Sections 2079.14 to 2079.24, inclusive, the following terms have the following meanings:

**(a)** "Agent" means a person acting under provisions of title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. **(b)** "Associate licensee" means a person who is licensed as a real estate broker or salesperson under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code and who is either licensed under a broker or has entered into a written contract with a broker to act as the broker's agent in connection with acts requiring a real estate license and to function under the broker's supervision in the capacity of an associate licensee. The agent in the real property transaction bears responsibility for his or her associate licensees who perform as agents of the agent. When an associate licensee owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the associate licensee functions. **(c)** "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee. **(d)** "Dual agent" means an agent acting, either directly or through an associate licensee, as agent for both the seller and the buyer in a real property transaction. **(e)** "Listing agreement" means a contract between an owner of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer. **(f)** "Listing agent" means a person who has obtained a listing of real property to act as an agent for compensation. **(g)** "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the listing agent. **(h)** "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. **(i)** "Offer to purchase" means a written contract executed by a buyer acting through a selling agent which becomes the contract for the sale of the real property upon acceptance by the seller. **(j)** "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property which constitutes or is improved with one to four dwelling units, any leasehold in this type of property exceeding one year's duration, and mobile homes, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code. **(k)** "Real property transaction" means a transaction for the sale of real property in which an agent is employed by one or more of the principals to act in that transaction, and includes a listing or an offer to purchase. **(l)** "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer, and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration. **(m)** "Seller" means the transferor in a real property transaction, and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor. **(n)** "Selling agent" means a listing agent who acts alone, or an agent who acts in cooperation with a listing agent, and who sells or finds and obtains a buyer for the real property, or an agent who locates property for a buyer or who finds a buyer for a property for which no listing exists and presents an offer to purchase to the seller. **(o)** "Subagent" means a person to whom an agent delegates agency powers as provided in Article 5 (commencing with Section 2349) of Chapter 1 of Title 9. However, "subagent" does not include an associate licensee who is acting under the supervision of an agent in a real property transaction.

**2079.14** Listing agents and selling agents shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and, except as provided in subdivision (c), shall obtain a signed acknowledgement of receipt from that seller or buyer, except as provided in this section or Section 2079.15, as follows: **(a)** The listing agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement. **(b)** The selling agent shall provide the disclosure form to the seller as soon as practicable prior to presenting the seller with an offer to purchase, unless the selling agent previously provided the seller with a copy of the disclosure form pursuant to subdivision (a). **(c)** Where the selling agent does not deal on a face-to-face basis with the seller, the disclosure form prepared by the selling agent may be furnished to the seller (and acknowledgement of receipt obtained for the selling agent from the seller) by the listing agent, or the selling agent may deliver the disclosure form by certified mail addressed to the seller at his or her last known address, in which case no signed acknowledgement of receipt is required. **(d)** The selling agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase, except that if the offer to purchase is not prepared by the selling agent, the selling agent shall present the disclosure form to the buyer not later than the next business day after the selling agent receives the offer to purchase from the buyer.

**2079.15** In any circumstance in which the seller or buyer refuses to sign an acknowledgement of receipt pursuant to Section 2079.14, the agent, or an associate licensee acting for an agent, shall set forth, sign, and date a written declaration of the facts of the refusal.

**2079.16** Reproduced on Page 1 of this AD form.

**2079.17 (a)** As soon as practicable, the selling agent shall disclose to the buyer and seller whether the selling agent is acting in the real property transaction exclusively as the buyer's agent, exclusively as the seller's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the selling agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. **(b)** As soon as practicable, the listing agent shall disclose to the seller whether the listing agent is acting in the real property transaction exclusively as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the listing agent prior to or coincident with the execution of that contract by the seller.
**(c)** The confirmation required by subdivisions (a) and (b) shall be in the following form.

| | |
|---|---|
| **(DO NOT COMPLETE, SAMPLE ONLY)** | is the agent of (check one). ☐ the seller exclusively; or ☐ both the buyer and seller |
| (Name of Listing Agent) | |
| **(DO NOT COMPLETE, SAMPLE ONLY)** | is the agent of (check one): ☐ the buyer exclusively; or ☐ the seller exclusively; or |
| (Name of Selling Agent if not the same as the Listing Agent) | ☐ both the buyer and seller. |

**(d)** The disclosures and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14

**2079.18** No selling agent in a real property transaction may act as an agent for the buyer only, when the selling agent is also acting as the listing agent in the transaction.

**2079.19** The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.

**2079.20** Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.

**2079.21** A dual agent shall not disclose to the buyer that the seller is willing to sell the property at a price less than the listing price, without the express written consent of the seller. A dual agent shall not disclose to the seller that the buyer is willing to pay a price greater than the offering price, without the express written consent of the buyer. This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.

**2079.22** Nothing in this article precludes a listing agent from also being a selling agent, and the combination of these functions in one agent does not, of itself, make that agent a dual agent.

**2079.23** A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship.

**2079.24** Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

Copyright © 1991-2009, CALIFORNIA ASSOCIATION OF REALTORS®, INC.

Buyer's/Tenant's Initials ( _____ ) ( _____ )
Seller's/Landlord Initials ( _____ ) ( _____ )

**AD REVISED 11/09 (PAGE 2 OF 2)**

Reviewed by _____ Date _____

EQUAL HOUSING OPPORTUNITY

DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 2 OF 2)

Untitled

DocuSign Envelope ID: 99F769AF-E907-4ECF-A3C3-1E9D1801CB7F

CALIFORNIA
ASSOCIATION
OF REALTORS®

# CALIFORNIA RESIDENTIAL PURCHASE AGREEMENT AND JOINT ESCROW INSTRUCTIONS

**For Use With Single Family Residential Property — Attached or Detached**
**(C.A.R. Form RPA-CA, Revised 4/10)**

Date *May 18, 2010*

1. **OFFER:**
   A. **THIS IS AN OFFER FROM** *Yitz Erik Weiss, Nechama Dina Weiss* ("Buyer").
   B. **THE REAL PROPERTY TO BE ACQUIRED** is described as *4612 Vista Del Monte Ave #5, Sherman Oaks Ca 91403*, Assessor's Parcel No. *2265-012-033* situated in *Sherman Oaks*, County of *Los Angeles*, California, ("Property").
   C. **THE PURCHASE PRICE** offered is *Four Hundred Five Thousand* (Dollars $ *405,000.00*).
   D. **CLOSE OF ESCROW** shall occur on ______ (date) (or ☒ *45* **Days** After Acceptance).
2. **AGENCY:**
   A. **DISCLOSURE:** Buyer and Seller each acknowledge prior receipt of a "Disclosure Regarding Real Estate Agency Relationships" (C.A.R. Form AD).
   B. **POTENTIALLY COMPETING BUYERS AND SELLERS:** Buyer and Seller each acknowledge receipt of a disclosure of the possibility of multiple representation by the Broker representing that principal. This disclosure may be part of a listing agreement, buyer representation agreement or separate document (C.A.R. Form DA). Buyer understands that Broker representing Buyer may also represent other potential buyers, who may consider, make offers on or ultimately acquire the Property. Seller understands that Broker representing Seller may also represent other sellers with competing properties of interest to this Buyer.
   C. **CONFIRMATION:** The following agency relationships are hereby confirmed for this transaction:
   Listing Agent *Century 21 All Pro* (Print Firm Name) is the agent of (check one): ☒ the Seller exclusively; or ☐ both the Buyer and Seller.
   Selling Agent *RE/MAX Estates* (Print Firm Name) (if not the same as the Listing Agent) is the agent of (check one): ☒ the Buyer exclusively; or ☐ the Seller exclusively; or ☐ both the Buyer and Seller. Real Estate Brokers are not parties to the Agreement between Buyer and Seller.
3. **FINANCE TERMS:** Buyer represents that funds will be good when deposited with Escrow Holder.
   A. **INITIAL DEPOSIT:** Deposit shall be in the amount of ........ $ *10,000.00*
   (1) Buyer shall deliver deposit directly to Escrow Holder by personal check, ☐ electronic funds transfer, ☐ Other ______ within 3 business days after acceptance (or ☐ Other ______).
   OR (2) (If checked) ☐ Buyer has given the deposit by personal check (or ☐ ______) to the agent submitting the offer (or to ☐ ______), made payable to *RE/MAX Estates*. The deposit shall be held uncashed until Acceptance and then deposited with Escrow Holder (or ☐ into Broker's trust account) within 3 business days after Acceptance (or ☐ Other ______)
   B. **INCREASED DEPOSIT:** Buyer shall deposit with Escrow Holder an increased deposit in the amount of ........ $ ______ within ______ **Days** After Acceptance, or ☐ ______.
   If a liquidated damages clause is incorporated into this Agreement, Buyer and Seller shall sign a separate liquidated damages clause (C.A.R. Form RID) for any increased deposit at the time it is deposited.
   C. **LOAN(S):**
   (1) **FIRST LOAN:** in the amount of ........ $ *375,000.00*
   This loan will be conventional financing or, if checked, ☒ FHA, ☐ VA, ☐ Seller (C.A.R. Form SFA), ☐ assumed financing (C.A.R. Form PAA), ☐ Other ______. This loan shall be at a fixed rate not to exceed *6.000* % or, ☐ an adjustable rate loan with initial rate not to exceed ______ %. Regardless of the type of loan, Buyer shall pay points not to exceed ______ % of the loan amount.
   (2) ☐ **SECOND LOAN:** in the amount of ........ $ ______
   This loan will be conventional financing or, if checked, ☐ Seller (C.A.R. Form SFA), ☐ assumed financing (C.A.R. Form PAA), ☐ Other ______. This loan shall be at a fixed rate not to exceed ______ % or, ☐ an adjustable rate loan with initial rate not to exceed ______ %. Regardless of the type of loan, Buyer shall pay points not to exceed ______ % of the loan amount.
   (3) **FHA/VA:** For any FHA or VA loan specified above, Buyer has 17 **(or ☐ ______ ) Days** After Acceptance to Deliver to Seller written notice (C.A.R. Form FVA) of any lender-required repairs or costs that Buyer requests Seller to pay for or repair. Seller has no obligation to pay for repairs or satisfy lender requirements unless otherwise agreed in writing.
   D. **ADDITIONAL FINANCING TERMS:** ______
   E. **BALANCE OF PURCHASE PRICE OR DOWN PAYMENT:** in the amount of ........ $ *20,000.00*
   to be deposited with Escrow Holder within sufficient time to close escrow.
   F. **PURCHASE PRICE (TOTAL):** ........ $ *405,000.00*

Buyer's Initials ( *YW* ) ( *NW* )  Seller's Initials ( *SL* ) ( *KL* )

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

Reviewed by ______ Date ______

DocuSign Envelope ID: 99F769AF-E907-4ECF-A3C3-1E9D1801CB7F

Property Address: 4612 Vista Del Monte Ave #5 Sherman Oaks, Ca 91403 Date: May 18, 2010

G. **VERIFICATION OF DOWN PAYMENT AND CLOSING COSTS:** Buyer (or Buyer's lender or loan broker pursuant to 3H(1)) shall, within 7 (or ☐ ______ ) **Days** After Acceptance, Deliver to Seller written verification of Buyer's down payment and closing costs. (If checked ☐ verification attached.)

H. **LOAN TERMS:**

(1) **LOAN APPLICATIONS:** Within 7 (or ☐ ______ ) **Days** After Acceptance, Buyer shall Deliver to Seller a letter from lender or loan broker stating that, based on a review of Buyer's written application and credit report, Buyer is prequalified or preapproved for any NEW loan specified in 3C above. (If checked, ☐ letter attached.)

(2) **LOAN CONTINGENCY:** Buyer shall act diligently and in good faith to obtain the designated loan(s). Obtaining the loan(s) specified above **is a contingency** of this Agreement unless otherwise agreed in writing. Buyer's contractual obligations to obtain and provide deposit, balance of down payment and closing costs **are not contingencies** of this Agreement.

(3) **LOAN CONTINGENCY REMOVAL:**

(i) Within 17 (or ☐ ______ ) **Days** After Acceptance, Buyer shall, as specified in paragraph 14, in writing remove the loan contingency or cancel this Agreement;

OR (ii) (if checked) ☐ the loan contingency shall remain in effect until the designated loans are funded.

(4) ☐ **NO LOAN CONTINGENCY** (If checked): Obtaining any loan specified above is NOT a contingency of this Agreement. If Buyer does not obtain the loan and as a result Buyer does not purchase the Property, Seller may be entitled to Buyer's deposit or other legal remedies.

I. **APPRAISAL CONTINGENCY AND REMOVAL:** This Agreement is (**or**, if checked, ☐ is NOT) contingent upon a written appraisal of the Property by a licensed or certified appraiser at no less than the specified purchase price. If there is a loan contingency, Buyer's removal of the loan contingency shall be deemed removal of this appraisal contingency (**or**, ☒ if checked, Buyer shall, as specified in paragraph 14B(3), in writing remove the appraisal contingency or cancel this Agreement within 17 (or ______ ) **Days** After Acceptance). If there is no loan contingency, Buyer shall, as specified in paragraph 14B(3), in writing remove the appraisal contingency or cancel this Agreement within 17 (or ______ ) **Days** After Acceptance.

J. ☐ **ALL CASH OFFER** (If checked): Buyer shall, within 7 (or ☐ ______ ) **Days** After Acceptance, Deliver to Seller written verification of sufficient funds to close this transaction. (If checked, ☐ verification attached.)

K. **BUYER STATED FINANCING:** Seller has relied on Buyer's representation of the type of financing specified (including but not limited to, as applicable, amount of down payment, contingent or non contingent loan, or all cash). If Buyer seeks alternate financing, (i) Seller has no obligation to cooperate with Buyer's efforts to obtain such financing, and (ii) Buyer shall also pursue the financing method specified in this Agreement. Buyer's failure to secure alternate financing does not excuse Buyer from the obligation to purchase the Property and close escrow as specified in this Agreement.

4. **ALLOCATION OF COSTS** (If checked): Unless otherwise specified in writing, **this paragraph** only determines who is to pay for the inspection, test or service ("Report") mentioned; it **does not determine who is to pay for any work recommended or identified in the Report.**

A. **INSPECTIONS AND REPORTS:**

(1) ☐ Buyer ☒ Seller shall pay for an inspection and report for wood destroying pests and organisms ("Wood Pest Report") prepared by Sellers Choice a registered structural pest control company.

(2) ☐ Buyer ☐ Seller shall pay to have septic or private sewage disposal systems pumped and inspected ______.

(3) ☐ Buyer ☐ Seller shall pay to have domestic wells tested for water potability and productivity ______.

(4) ☐ Buyer ☒ Seller shall pay for a natural hazard zone disclosure report prepared by ______.

(5) ☒ Buyer ☐ Seller shall pay for the following inspection or report 9A Report from Los Angeles County.

(6) ☐ Buyer ☐ Seller shall pay for the following inspection or report ______.

B. **GOVERNMENT REQUIREMENTS AND RETROFIT:**

(1) ☐ Buyer ☒ Seller shall pay for smoke detector installation and/or water heater bracing, if required by Law. Prior to Close Of Escrow, Seller shall provide Buyer written statement(s) of compliance in accordance with state and local Law, unless exempt.

(2) ☐ Buyer ☒ Seller shall pay the cost of compliance with any other minimum mandatory government retrofit standards, inspections and reports if required as a condition of closing escrow under any Law. ______

C. **ESCROW AND TITLE:**

(1) ☒ Buyer ☒ Seller shall pay escrow fee 1/2 each and their own fees.
Escrow Holder shall be ______.

(2) ☐ Buyer ☒ Seller shall pay for **owner's** title insurance policy specified in paragraph 12E ______.
Owner's title policy to be issued by seller's choice.
(Buyer shall pay for any title insurance policy insuring Buyer's **lender**, unless otherwise agreed in writing.)

D. **OTHER COSTS:**

(1) ☐ Buyer ☒ Seller shall pay County transfer tax or fee ______

(2) ☐ Buyer ☒ Seller shall pay City transfer tax or fee if applicable

(3) ☐ Buyer ☒ Seller shall pay Homeowner's Association ("HOA") transfer fee ______

(4) ☐ Buyer ☒ Seller shall pay HOA document preparation fees ______.

(5) ☐ Buyer ☐ Seller shall pay for any private transfer fee ______.

(6) ☐ Buyer ☒ Seller shall pay the cost, not to exceed $ 450.00, of a one-year home warranty plan, issued by Buyer Choice, with the following optional coverages
☒ Air Conditioner ☐ Pool/Spa ☐ Code and Permit upgrade ☐ Other: ultimate upgrade
Buyer is informed that home warranty plans have many optional coverages in addition to those listed above. Buyer is advised to investigate these coverages to determine those that may be suitable for Buyer.

(7) ☐ Buyer ☐ Seller shall pay for ______.

(8) ☐ Buyer ☐ Seller shall pay for ______.

Buyer's Initials ( LW ) ( NW ) Seller's Initials ( SL ) ( KL )

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS® INC.

Reviewed by ______ Date ______

Weiss

Property Address: 4612 Vista Del Monte Ave #5 Sherman Oaks, Ca 91403 Date: May 18, 2010

**5. CLOSING AND POSSESSION:**

A. Buyer intends (or ☐ does not intend) to occupy the Property as Buyer's primary residence.

B. **Seller-occupied or vacant property:** Possession shall be delivered to Buyer at 5 PM or ( ☐ ________ ☐ AM ☐ PM), on the date of Close Of Escrow; ☐ on ________________________; or ☐ no later than ________ **Days** After Close Of Escrow. If transfer of title and possession do not occur at the same time, Buyer and Seller are advised to: **(i)** enter into a written occupancy agreement (C.A.R. Form PAA paragraph 2); and **(ii)** consult with their insurance and legal advisors.

C. **Tenant-occupied property:**

**(i) Property shall be vacant** at least **5** (or ☐ ________ ) **Days** Prior to Close Of Escrow, unless otherwise agreed in writing. **Note to Seller: If you are unable to deliver Property vacant in accordance with rent control and other applicable Law, you may be in breach of this Agreement.**

**OR (ii)** (if checked) ☐ **Tenant to remain in possession.** (C.A.R. Form PAA, paragraph 3)

D. At Close Of Escrow, **(i)** Seller assigns to Buyer any assignable warranty rights for items included in the sale, and **(ii)** Seller shall Deliver to Buyer available Copies of warranties. Brokers cannot and will not determine the assignability of any warranties.

E. At Close Of Escrow, unless otherwise agreed in writing, Seller shall provide keys and/or means to operate all locks, mailboxes, security systems, alarms and garage door openers. If Property is a condominium or located in a common interest subdivision, Buyer may be required to pay a deposit to the Homeowners' Association ("HOA") to obtain keys to accessible HOA facilities.

**6. STATUTORY DISCLOSURES (INCLUDING LEAD-BASED PAINT HAZARD DISCLOSURES) AND CANCELLATION RIGHTS:**

A. **(1)** Seller shall, within the time specified in paragraph 14A, Deliver to Buyer, if required by Law: **(i)** Federal Lead-Based Paint Disclosures (C.A.R. Form FLD) and pamphlet ("Lead Disclosures"); and **(ii)** disclosures or notices required by sections 1102 et. seq. and 1103 et. seq. of the Civil Code ("Statutory Disclosures"). Statutory Disclosures include, but are not limited to, a Real Estate Transfer Disclosure Statement ("TDS"), Natural Hazard Disclosure Statement ("NHD"), notice or actual knowledge of release of illegal controlled substance, notice of special tax and/or assessments (or, if allowed, substantially equivalent notice regarding the Mello-Roos Community Facilities Act and Improvement Bond Act of 1915) and, if Seller has actual knowledge, of industrial use and military ordinance location (C.A.R. Form SPQ or SSD).

**(2)** Buyer shall, within the time specified in paragraph 14B(1), return Signed Copies of the Statutory and Lead Disclosures to Seller.

**(3)** In the event Seller, prior to Close Of Escrow, becomes aware of adverse conditions materially affecting the Property, or any material inaccuracy in disclosures, information or representations previously provided to Buyer, Seller shall promptly provide a subsequent or amended disclosure or notice, in writing, covering those items. **However, a subsequent or amended disclosure shall not be required for conditions and material inaccuracies** of which Buyer is otherwise aware, or which are **disclosed in reports provided to or obtained by Buyer or ordered and paid for by Buyer.**

**(4)** If any disclosure or notice specified in 6A(1), or subsequent or amended disclosure or notice is Delivered to Buyer after the offer is Signed, Buyer shall have the right to cancel this Agreement within **3 Days** After Delivery in person, or **5 Days** After Delivery by deposit in the mail, by giving written notice of cancellation to Seller or Seller's agent.

**(5) Note to Buyer and Seller: Waiver of Statutory and Lead Disclosures is prohibited by Law.**

B. **NATURAL AND ENVIRONMENTAL HAZARDS:** Within the time specified in paragraph 14A, Seller shall, if required by Law: **(i)** Deliver to Buyer earthquake guides (and questionnaire) and environmental hazards booklet; **(ii)** even if exempt from the obligation to provide a NHD, disclose if the Property is located in a Special Flood Hazard Area; Potential Flooding (Inundation) Area; Very High Fire Hazard Zone; State Fire Responsibility Area; Earthquake Fault Zone; Seismic Hazard Zone; and **(iii)** disclose any other zone as required by Law and provide any other information required for those zones.

C. **WITHHOLDING TAXES:** Within the time specified in paragraph 14A, to avoid required withholding, Seller shall Deliver to Buyer or qualified substitute, an affidavit sufficient to comply with federal (FIRPTA) and California withholding Law, (C.A.R. Form AS or QS).

D. **MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Seller nor Brokers are required to check this website. If Buyer wants further information, Broker recommends that Buyer obtain information from this website during Buyer's inspection contingency period. Brokers do not have expertise in this area.)

**7. CONDOMINIUM/PLANNED DEVELOPMENT DISCLOSURES:**

A. **SELLER HAS: 7 (or ☐ ________ ) Days** After Acceptance to disclose to Buyer whether the Property is a condominium, or is located in a planned development or other common interest subdivision (C.A.R. Form SPQ or SSD).

B. If the Property is a condominium or is located in a planned development or other common interest subdivision, Seller has **3 (or ☐ ________ ) Days** After Acceptance to request from the HOA (C.A.R. Form HOA): **(i)** Copies of any documents required by Law; **(ii)** disclosure of any pending or anticipated claim or litigation by or against the HOA; **(iii)** a statement containing the location and number of designated parking and storage spaces; **(iv)** Copies of the most recent 12 months of HOA minutes for regular and special meetings; and **(v)** the names and contact information of all HOAs governing the Property (collectively, "CI Disclosures"). Seller shall itemize and Deliver to Buyer all CI Disclosures received from the HOA and any CI Disclosures in Seller's possession. Buyer's approval of CI Disclosures is a contingency of this Agreement as specified in paragraph 14B(3).

**8. ITEMS INCLUDED IN AND EXCLUDED FROM PURCHASE PRICE:**

A. **NOTE TO BUYER AND SELLER:** Items listed as included or excluded in the MLS, flyers or marketing materials are **not** included in the purchase price or excluded from the sale unless specified in 8B or C.

B. **ITEMS INCLUDED IN SALE:**

**(1)** All EXISTING fixtures and fittings that are attached to the Property;

**(2)** EXISTING electrical, mechanical, lighting, plumbing and heating fixtures, ceiling fans, fireplace inserts, gas logs and grates, solar systems, built-in appliances, window and door screens, awnings, shutters, window coverings, attached floor coverings, television antennas, satellite dishes, private integrated telephone systems, air coolers/conditioners, pool/spa equipment, garage door openers/remote controls, mailbox, in-ground landscaping, trees/shrubs, water softeners, water purifiers, security systems/alarms; (If checked ☒ stove(s), ☐ refrigerator(s); and

**(3)** The following additional items: None

**(4)** Seller represents that all items included in the purchase price, unless otherwise specified, are owned by Seller.

**(5)** All items included shall be transferred free of liens and without Seller warranty.

C. **ITEMS EXCLUDED FROM SALE:** Unless otherwise specified, audio and video components (such as flat screen TVs and speakers) are excluded if any such item is not itself attached to the Property, even if a bracket or other mechanism attached to the component is attached to the Property, and None

Buyer's Initials ( GW ) ( NW ) Seller's Initials ( SL ) ( KL )

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC.

Reviewed by ________ Date ________

Weiss

Property Address: 4612 Vista Del Monte Ave #5 Sherman Oaks, Ca 91403 Date: May 18, 2010

9. **CONDITION OF PROPERTY:** Unless otherwise agreed: **(i) the Property is sold (a) in its PRESENT physical ("as-is") condition as of the date of Acceptance and (b) subject to Buyer's Investigation rights; (ii)** the Property, including pool, spa, landscaping and grounds, is to be maintained in substantially the same condition as on the date of Acceptance; and **(iii)** all debris and personal property not included in the sale shall be removed by Seller by Close Of Escrow.
   A. Seller shall, within the time specified in paragraph 14A, DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS affecting the Property, including known insurance claims within the past five years, and make any and all other disclosures required by law.
   B. Buyer has the right to inspect the Property and, as specified in paragraph 14B, based upon information discovered in those inspections: (i) cancel this Agreement; or (ii) request that Seller make Repairs or take other action.
   C. **Buyer is strongly advised to conduct investigations of the entire Property in order to determine its present condition. Seller may not be aware of all defects affecting the Property or other factors that Buyer considers important. Property improvements may not be built according to code, in compliance with current Law, or have had permits issued.**

10. **BUYER'S INVESTIGATION OF PROPERTY AND MATTERS AFFECTING PROPERTY:**
   A. Buyer's acceptance of the condition of, and any other matter affecting the Property, is a contingency of this Agreement as specified in this paragraph and paragraph 14B. Within the time specified in paragraph 14B(1), Buyer shall have the right, at Buyer's expense unless otherwise agreed, to conduct inspections, investigations, tests, surveys and other studies ("Buyer Investigations"), including, but not limited to, the right to: **(i)** inspect for lead-based paint and other lead-based paint hazards; **(ii)** inspect for wood destroying pests and organisms; **(iii)** review the registered sex offender database; **(iv)** confirm the insurability of Buyer and the Property; and **(v)** satisfy Buyer as to any matter specified in the attached Buyer's Inspection Advisory (C.A.R. Form BIA). Without Seller's prior written consent, Buyer shall neither make nor cause to be made: **(i)** invasive or destructive Buyer Investigations; or **(ii)** inspections by any governmental building or zoning inspector or government employee, unless required by Law.
   B. Seller shall make the Property available for all Buyer Investigations. Buyer shall **(i)** as specified in paragraph 14B, complete Buyer Investigations and, either remove the contingency or cancel this Agreement, and **(ii)** give Seller, at no cost, complete Copies of all Investigation reports obtained by Buyer, which obligation shall survive the termination of this Agreement.
   C. Seller shall have water, gas, electricity and all operable pilot lights on for Buyer's Investigations and through the date possession is made available to Buyer.
   D. **Buyer indemnity and Seller protection for entry upon property:** Buyer shall: **(i)** keep the Property free and clear of liens; **(ii)** repair all damage arising from Buyer Investigations; and **(iii)** indemnify and hold Seller harmless from all resulting liability, claims, demands, damages and costs of Buyer's investigations. Buyer shall carry, or Buyer shall require anyone acting on Buyer's behalf to carry, policies of liability, workers' compensation and other applicable insurance, defending and protecting Seller from liability for any injuries to persons or property occurring during any Buyer Investigations or work done on the Property at Buyer's direction prior to Close Of Escrow. Seller is advised that certain protections may be afforded Seller by recording a "Notice of Non-responsibility" (C.A.R. Form NNR) for Buyer Investigations and work done on the Property at Buyer's direction. Buyer's obligations under this paragraph shall survive the termination or cancellation of this Agreement and Close of Escrow.

11. **SELLER DISCLOSURES; ADDENDA; ADVISORIES; OTHER TERMS:**
   A. **Seller Disclosures (if checked):** Seller shall, within the time specified in paragraph 14A, complete and provide Buyer with a:
   ☒ Seller Property Questionnaire (C.A.R. Form SPQ) OR ☐ Supplemental Contractual and Statutory Disclosure (C.A.R. Form SSD)
   B. **Addenda (if checked):** ☐ Addendum # (C.A.R. Form ADM)
   ☒ Wood Destroying Pest Inspection and Allocation of Cost Addendum (C.A.R. Form WPA)
   ☐ Purchase Agreement Addendum (C.A.R Form PAA) ☐ Septic, Well and Property Monument Addendum (C.A.R. Form SWPI)
   ☒ Short Sale Addendum (C.A.R. Form SSA) ☐ Other
   C. **Advisories (if checked):** ☑ Buyer's Inspection Advisory (C.A.R. Form BIA)
   ☐ Probate Advisory (C.A.R. Form PAK) ☒ Statewide Buyer and Seller Advisory (C.A.R. Form SBSA)
   ☐ Trust Advisory (C.A.R. Form TA) ☐ REO Advisory (C.A.R. Form REO)
   D. **Other Terms:**

12. **TITLE AND VESTING:**
   A. Within the time specified in paragraph 14, Buyer shall be provided a current preliminary title report, which shall include a search of the General Index. Seller shall within 7 Days After Acceptance give Escrow Holder a completed Statement of Information. The preliminary report is only an offer by the title insurer to issue a policy of title insurance and may not contain every item affecting title. Buyer's review of the preliminary report and any other matters which may affect title are a contingency of this Agreement as specified in paragraph 14B.
   B. Title is taken in its present condition subject to all encumbrances, easements, covenants, conditions, restrictions, rights and other matters, whether of record or not, as of the date of Acceptance except: **(i)** monetary liens of record unless Buyer is assuming those obligations or taking the Property subject to those obligations; and **(ii)** those matters which Seller has agreed to remove in writing.
   C. Within the time specified in paragraph 14A, Seller has a duty to disclose to Buyer all matters known to Seller affecting title, whether of record or not.
   D. At Close Of Escrow, Buyer shall receive a grant deed conveying title (or, for stock cooperative or long-term lease, an assignment of stock certificate or of Seller's leasehold interest), including oil, mineral and water rights if currently owned by Seller. Title shall vest as designated in Buyer's supplemental escrow instructions. THE MANNER OF TAKING TITLE MAY HAVE SIGNIFICANT LEGAL AND TAX CONSEQUENCES. CONSULT AN APPROPRIATE PROFESSIONAL.
   E. Buyer shall receive a CLTA/ALTA Homeowner's Policy of Title Insurance. A title company, at Buyer's request, can provide information about the availability, desirability, coverage, survey requirements, and cost of various title insurance coverages and endorsements. If Buyer desires title coverage other than that required by this paragraph, Buyer shall instruct Escrow Holder in writing and pay any increase in cost.

13. **SALE OF BUYER'S PROPERTY:**
   A. This Agreement is NOT contingent upon the sale of any property owned by Buyer.
   **OR B.** ☐ (If checked) The attached addendum (C.A.R. Form COP) regarding the contingency for the sale of property owned by Buyer is incorporated into this Agreement.

Buyer's Initials ( YW ) ( NW ) Seller's Initials ( SL ) ( KL )

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC.
Reviewed by ________ Date ________

Weiss

DocuSign Envelope ID: 99F769AF-E907-4ECF-A3C3-1E9D1801CB7F

Property Address: 4612 Vista Del Monte Ave #5 Sherman Oaks, Ca 91403 Date: May 18, 2010

**14. TIME PERIODS; REMOVAL OF CONTINGENCIES; CANCELLATION RIGHTS: The following time periods may only be extended, altered, modified or changed by mutual written agreement. Any removal of contingencies or cancellation under this paragraph by either Buyer or Seller must be exercised in good faith and in writing (C.A.R. Form CR or CC).**

A. **SELLER HAS: 7 (or ☐ ____________ ) Days** After Acceptance to Deliver to Buyer all Reports, disclosures and information for which Seller is responsible under paragraphs 4, 6A, B and C, 7A, 9A, 11A and B, and 12. Buyer may give Seller a Notice to Seller to Perform (C.A.R. Form NSP) if Seller has not Delivered the items within the time specified.

B. (1) **BUYER HAS: 17 (or ☐ ____________ ) Days** After Acceptance, unless otherwise agreed in writing, to:

(i) complete all Buyer Investigations; approve all disclosures, reports and other applicable information, which Buyer receives from Seller, and approve all other matters affecting the Property; and

(ii) Deliver to Seller Signed Copies of Statutory and Lead Disclosures Delivered by Seller in accordance with paragraph 6A.

(2) Within the time specified in 14B(1), Buyer may request that Seller make repairs or take any other action regarding the Property (C.A.R. Form RR). Seller has no obligation to agree to or respond to Buyer's requests.

(3) Within the time specified in 14B(1) (or as otherwise specified in this Agreement), Buyer shall Deliver to Seller either (i) a removal of the applicable contingency (C.A.R. Form CR), or (ii) a cancellation (C.A.R. Form CC) of this Agreement based upon a contingency or Seller's failure to Deliver the specified items. However, if any report, disclosure or information for which Seller is responsible is not Delivered within the time specified in 14A, then Buyer has **5 (or ☐ __________ ) Days** After Delivery of any such items, or the time specified in 14B(1), whichever is later, to Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement.

(4) **Continuation of Contingency:** Even after the end of the time specified in 14B(1) and before Seller cancels this Agreement, if at all, pursuant to 14C, Buyer retains the right to either (i) in writing remove remaining contingencies, or (ii) cancel this Agreement based upon a remaining contingency or Seller's failure to Deliver the specified terms. Once Buyer's written removal of all contingencies is Delivered to Seller, Seller may not cancel this Agreement pursuant to 14C(1).

C. **SELLER RIGHT TO CANCEL:**

(1) **Seller right to Cancel; Buyer Contingencies:** If, within time specified in this Agreement, Buyer does not, in writing, Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement then Seller, after first Delivering to Buyer a Notice to Buyer to Perform (C.A.R. Form NBP) may cancel this Agreement. In such event, Seller shall authorize return of Buyer's deposit.

(2) **Seller right to Cancel; Buyer Contract Obligations:** Seller, after first Delivering to Buyer a NBP may cancel this Agreement for any of the following reasons: **(i)** if Buyer fails to deposit funds as required by 3A or 3B; **(ii)** if the funds deposited pursuant to 3A or 3B are not good when deposited; **(iii)** if Buyer fails to Deliver a notice of FHA or VA costs or terms as required by 3C(3) (C.A.R. Form FVA); **(iv)** if Buyer fails to Deliver a letter as required by 3H; **(v)** if Buyer fails to Deliver verification as required by 3G or 3J; **(vi)** if Seller reasonably disapproves of the verification provided by 3G or 3J; **(vii)** if Buyer fails to return Statutory and Lead Disclosures as required by paragraph 6A(2); or **(viii)** if Buyer fails to sign or initial a separate liquidated damage form for an increased deposit as required by paragraphs 3B and 25. In such event, Seller shall authorize return of Buyer's deposit.

(3) **Notice To Buyer To Perform:** The NBP shall: **(i)** be in writing; **(ii)** be signed by Seller; and **(iii)** give Buyer at least **2 (or ☐ _________ ) Days** After Delivery (or until the time specified in the applicable paragraph, whichever occurs last) to take the applicable action. A NBP may not be Delivered any earlier than **2 Days** Prior to the expiration of the applicable time for Buyer to remove a contingency or cancel this Agreement or meet an obligation specified in 14C(2).

D. **EFFECT OF BUYER'S REMOVAL OF CONTINGENCIES:** If Buyer removes, in writing, any contingency or cancellation rights, unless otherwise specified in a separate written agreement between Buyer and Seller, Buyer shall with regard to that contingency or cancellation right conclusively be deemed to have: **(i)** completed all Buyer Investigations, and review of reports and other applicable information and disclosures; **(ii)** elected to proceed with the transaction; and **(iii)** assumed all liability, responsibility and expense for Repairs or corrections or for inability to obtain financing.

E. **CLOSE OF ESCROW:** Before Seller or Buyer may cancel this Agreement for failure of the other party to close escrow pursuant to this Agreement, Seller or Buyer must first give the other a demand to close escrow (C.A.R. Form DCE).

F. **EFFECT OF CANCELLATION ON DEPOSITS:** If Buyer or Seller gives written notice of cancellation pursuant to rights duly exercised under the terms of this Agreement, Buyer and Seller agree to Sign mutual instructions to cancel the sale and escrow and release deposits, if any, to the party entitled to the funds, less fees and costs incurred by that party. Fees and costs may be payable to service providers and vendors for services and products provided during escrow. **Release of funds will require mutual Signed release instructions from Buyer and Seller, judicial decision or arbitration award. A Buyer or Seller may be subject to a civil penalty of up to $1,000 for refusal to sign such instructions if no good faith dispute exists as to who is entitled to the deposited funds (Civil Code §1057.3).**

**15. REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at Seller's expense may be performed by Seller or through others, provided that the work complies with applicable Law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. Seller shall: **(i)** obtain receipts for Repairs performed by others; **(ii)** prepare a written statement indicating the Repairs performed by Seller and the date of such Repairs; and **(iii)** provide Copies of receipts and statements to Buyer prior to final verification of condition.

**16. FINAL VERIFICATION OF CONDITION:** Buyer shall have the right to make a final inspection of the Property within **5 (or ____________ ) Days** Prior to Close Of Escrow, NOT AS A CONTINGENCY OF THE SALE, but solely to confirm: **(i)** the Property is maintained pursuant to paragraph 9; **(ii)** Repairs have been completed as agreed; and **(iii)** Seller has complied with Seller's other obligations under this Agreement (C.A.R. Form VP).

**17. PRORATIONS OF PROPERTY TAXES AND OTHER ITEMS:** Unless otherwise agreed in writing, the following items shall be PAID CURRENT and prorated between Buyer and Seller as of Close Of Escrow: real property taxes and assessments, interest, rents, HOA regular, special, and emergency dues and assessments imposed prior to Close Of Escrow, premiums on insurance assumed by Buyer, payments on bonds and assessments assumed by Buyer, and payments on Mello-Roos and other Special Assessment District bonds and assessments that are a current lien. The following items shall be assumed by Buyer WITHOUT CREDIT toward the purchase price: prorated payments on Mello-Roos and other Special Assessment District bonds and assessments and HOA special assessments that are a current lien but not yet due. Property will be reassessed upon change of ownership. Any supplemental tax bills shall be paid as follows: **(i)** for periods after Close Of Escrow, by Buyer; and **(ii)** for periods prior to Close Of Escrow, by Seller (see C.A.R. Form SPT or SBSA for further information). TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER. Prorations shall be made based on a 30-day month.

Buyer's Initials ( YW ) ( NW )

Seller's Initials ( SL ) ( KL )

Reviewed by ____________ Date ____________

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC.

Property Address: 4612 Vista Del Monte Ave #5 Sherman Oaks, Ca 91403 Date: May 18, 2010

18. **SELECTION OF SERVICE PROVIDERS:** Brokers do not guarantee the performance of any vendors, service or product providers ("Providers"), whether referred by Broker or selected by Buyer, Seller or other person. Buyer and Seller may select ANY Providers of their own choosing.
19. **MULTIPLE LISTING SERVICE ("MLS"):** Brokers are authorized to report to the MLS a pending sale and, upon Close Of Escrow, the sales price and other terms of this transaction shall be provided to the MLS to be published and disseminated to persons and entities authorized to use the information on terms approved by the MLS.
20. **EQUAL HOUSING OPPORTUNITY:** The Property is sold in compliance with federal, state and local anti-discrimination Laws.
21. **ATTORNEY FEES:** In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 26A.
22. **DEFINITIONS:** As used in this Agreement:
    A. **"Acceptance"** means the time the offer or final counter offer is accepted in writing by a party and is delivered to and personally received by the other party or that party's authorized agent in accordance with the terms of this offer or a final counter offer.
    B. **"C.A.R. Form"** means the specific form referenced or another comparable form agreed to by the parties.
    C. **"Close Of Escrow"** means the date the grant deed, or other evidence of transfer of title, is recorded.
    D. **"Copy"** means copy by any means including photocopy, NCR, facsimile and electronic.
    E. **"Days"** means calendar days. However, After Acceptance, the last Day for performance of any act required by this Agreement (including Close Of Escrow) shall not include any Saturday, Sunday, or legal holiday and shall instead be the next Day.
    F. **"Days After"** means the specified number of calendar days after the occurrence of the event specified, not counting the calendar date on which the specified event occurs, and ending at 11:59PM on the final day.
    G. **"Days Prior"** means the specified number of calendar days before the occurrence of the event specified, not counting the calendar date on which the specified event is scheduled to occur.
    H. **"Deliver", "Delivered" or "Delivery",** regardless of the method used (i.e. messenger, mail, email, fax, other), means and shall be effective upon (i) personal receipt by Buyer or Seller or the individual Real Estate Licensee for that principal as specified in paragraph D of the section titled Real Estate Brokers on page 8; OR (ii) if checked, ☐ per the attached addendum (C.A.R. Form RDN).
    I. **"Electronic Copy" or "Electronic Signature"** means, as applicable, an electronic copy or signature complying with California Law. Buyer and Seller agree that electronic means will not be used by either party to modify or alter the content or integrity of this Agreement without the knowledge and consent of the other party.
    J. **"Law"** means any law, code, statute, ordinance, regulation, rule or order, which is adopted by a controlling city, county, state or federal legislative judicial or executive body or agency.
    K. **"Repairs"** means any repairs (including pest control), alterations, replacements, modifications or retrofitting of the Property provided for under this Agreement.
    L. **"Signed"** means either a handwritten or electronic signature on an original document, Copy or any counterpart.
23. **BROKER COMPENSATION:** Seller or Buyer, or both, as applicable, agrees to pay compensation to Broker as specified in a separate written agreement between Broker and that Seller or Buyer. Compensation is payable upon Close Of Escrow, or if escrow does not close, as otherwise specified in the agreement between Broker and that Seller or Buyer.
24. **JOINT ESCROW INSTRUCTIONS TO ESCROW HOLDER:**
    A. **The following paragraphs, or applicable portions thereof, of this Agreement constitute the joint escrow instructions of Buyer and Seller to Escrow Holder,** which Escrow Holder is to use along with any related counter offers and addenda, and any additional mutual instructions to close the escrow: 1, 3, 4, 6C, 11B and D, 12, 13B, 14F, 17, 22, 23, 24, 28, 30, and paragraph D of the section titled Real Estate Brokers on page 8. If a Copy of the separate compensation agreement(s) provided for in paragraph 23, or paragraph D of the section titled Real Estate Brokers on page 8 is deposited with Escrow Holder by Broker, Escrow Holder shall accept such agreement(s) and pay out of Buyer's or Seller's funds, or both, as applicable, the respective Broker's compensation provided for in such agreement(s). The terms and conditions of this Agreement not specifically referenced above, in the specified paragraphs are additional matters for the information of Escrow Holder, but about which Escrow Holder need not be concerned. Buyer and Seller will receive Escrow Holder's general provisions directly from Escrow Holder and will execute such provisions upon Escrow Holder's request. To the extent the general provisions are inconsistent or conflict with this Agreement, the general provisions will control as to the duties and obligations of Escrow Holder only. Buyer and Seller will execute additional instructions, documents and forms provided by Escrow Holder that are reasonably necessary to close the escrow.
    B. A Copy of this Agreement shall be delivered to Escrow Holder within 3 business days after Acceptance (or ☐ ____________________ ). Escrow Holder shall provide Seller's Statement of Information to Title company when received from Seller. Buyer and Seller authorize Escrow Holder to accept and rely on Copies and Signatures as defined in this Agreement as originals, to open escrow and for other purposes of escrow. The validity of this Agreement as between Buyer and Seller is not affected by whether or when Escrow Holder Signs this Agreement.
    C. Brokers are a party to the escrow for the sole purpose of compensation pursuant to paragraphs 23 and paragraph D of the section titled Real Estate Brokers on page 8. Buyer and Seller irrevocably assign to Brokers compensation specified in paragraphs 23, respectively, and irrevocably instruct Escrow Holder to disburse those funds to Brokers at Close Of Escrow or pursuant to any other mutually executed cancellation agreement. Compensation instructions can be amended or revoked only with the written consent of Brokers. Buyer and Seller shall release and hold harmless Escrow Holder from any liability resulting from Escrow Holder's payment to Broker(s) of compensation pursuant to this Agreement. Escrow Holder shall immediately notify Brokers: **(i)** if Buyer's initial or any additional deposit is not made pursuant to this Agreement, or is not good at time of deposit with Escrow Holder; or **(ii)** if either Buyer or Seller instruct Escrow Holder to cancel escrow.
    D. A Copy of any amendment that affects any paragraph of this Agreement for which Escrow Holder is responsible shall be delivered to Escrow Holder within 2 business days after mutual execution of the amendment.

Buyer's Initials ( GW ) ( NW ) Seller's Initials ( SL ) ( KL )

Reviewed by ________ Date ________

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS® INC

DocuSign Envelope ID: 99F769AF-E907-4ECF-A3C3-1E9D1801CB7F

Property Address: 4612 Vista Del Monte Ave #5 Sherman Oaks, Ca 91403 Date: May 18, 2010

25. **LIQUIDATED DAMAGES: If Buyer fails to complete this purchase because of Buyer's default, Seller shall retain, as liquidated damages, the deposit actually paid. If the Property is a dwelling with no more than four units, one of which Buyer intends to occupy, then the amount retained shall be no more than 3% of the purchase price. Any excess shall be returned to Buyer. Release of funds will require mutual, Signed release instructions from both Buyer and Seller, judicial decision or arbitration award. AT TIME OF THE INCREASED DEPOSIT BUYER AND SELLER SHALL SIGN A SEPARATE LIQUIDATED DAMAGES PROVISION FOR ANY INCREASED DEPOSIT. (C.A.R. FORM RID).**

Buyer's Initials ______ / ______ Seller's Initials SL / KL

26. **DISPUTE RESOLUTION:**

A. **MEDIATION:** Buyer and Seller agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action. **Buyer and Seller also agree to mediate any disputes or claims with Broker(s), who, in writing, agree to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to the Broker.** Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED. **Exclusions from this mediation agreement are specified in paragraph 26C.**

B. **ARBITRATION OF DISPUTES:**

**Buyer and Seller agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration. Buyer and Seller also agree to arbitrate any disputes or claims with Broker(s), who, in writing, agree to such arbitration prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator. The parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part 3 of the Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered into any court having jurisdiction. Enforcement of this agreement to arbitrate shall be governed by the Federal Arbitration Act. Exclusions from this arbitration agreement are specified in paragraph 26C.**

**"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."**

**"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."**

Buyer's Initials ______ / ______ Seller's Initials SL / KL

C. **ADDITIONAL MEDIATION AND ARBITRATION TERMS:**

(1) **EXCLUSIONS: The following matters shall be excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation and arbitration provisions.**

(2) **BROKERS: Brokers shall not be obligated or compelled to mediate or arbitrate unless they agree to do so in writing. Any Broker(s) participating in mediation or arbitration shall not be deemed a party to the Agreement.**

27. **TERMS AND CONDITIONS OF OFFER:**
This is an offer to purchase the Property on the above terms and conditions. The liquidated damages paragraph or the arbitration of disputes paragraph is incorporated in this Agreement if initialed by all parties or if incorporated by mutual agreement in a counter offer or addendum. If at least one but not all parties initial such paragraph(s), a counter offer is required until agreement is reached. Seller has the right to continue to offer the Property for sale and to accept any other offer at any time prior to notification of Acceptance. If this offer is accepted and Buyer subsequently defaults, Buyer may be responsible for payment of Brokers' compensation. This Agreement and any supplement, addendum or modification, including any Copy, may be Signed in two or more counterparts, all of which shall constitute one and the same writing.

28. **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Except as otherwise specified, this Agreement shall be interpreted and disputes shall be resolved in accordance with the laws of the State of California. **Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing Signed by Buyer and Seller.**

Buyer's Initials ( gW ) ( AW ) Seller's Initials ( SL ) ( KL )

Reviewed by ______ Date ______

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC.

Weiss

DocuSign Envelope ID: 99F769AF-E907-4ECF-A3C3-1E9D1801CB7F

Property Address: 4612 Vista Del Monte Ave #5 Sherman Oaks, Ca 91403 Date: May 18, 2010

**29. EXPIRATION OF OFFER:** This offer shall be deemed revoked and the deposit shall be returned unless the offer is Signed by Seller and a Copy of the Signed offer is personally received by Buyer, or by buyer only, who is authorized to receive it, by 5:00 PM on the third Day after this offer is signed by Buyer (or, if checked, ☐ by ☐ AM ☐ PM, on ______ (date)).

Buyer has read and acknowledges receipt of a Copy of the offer and agrees to the above confirmation of agency relationships.

Date 05/18/2010 Date 05/18/2010

BUYER [signature] BUYER [signature]

Yitz Erik Weiss Nechama Dina Weiss
**(Print name)** **(Print name)**

On file.
**(Address)**

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

**30. ACCEPTANCE OF OFFER:** Seller warrants that Seller is the owner of the Property, or has the authority to execute this Agreement. Seller accepts the above offer, agrees to sell the Property on the above terms and conditions, and agrees to the above confirmation of agency relationships. Seller has read and acknowledges receipt of a Copy of this Agreement, and authorizes Broker to Deliver a Signed Copy to Buyer.

☐ (If checked) **SUBJECT TO ATTACHED COUNTER OFFER (C.A.R. Form CO) DATED:** ______

Date 05/18/2010 Date 05/18/2010

SELLER Kim Lopez 6/1/2010 SELLER Sam Lopez 6/1/2010

Kim T Lopez Sam Lopez
**(Print name)** **(Print name)**

**(Address)**

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

(____ / ____) (Initials) **CONFIRMATION OF ACCEPTANCE:** A Copy of Signed Acceptance was personally received by Buyer or Buyer's authorized agent on (date) ______ at ______ ☐ AM ☐ PM. **A binding Agreement is created when a Copy of Signed Acceptance is personally received by Buyer or Buyer's authorized agent whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement. It is solely intended to evidence the date that Confirmation of Acceptance has occurred.**

**REAL ESTATE BROKERS:**

A. **Real Estate Brokers are not parties to the Agreement between Buyer and Seller.**
B. **Agency relationships are confirmed as stated in paragraph 2.**
C. If specified in paragraph 3A(2), Agent who submitted the offer for Buyer acknowledges receipt of deposit.
D. **COOPERATING BROKER COMPENSATION:** Listing Broker agrees to pay Cooperating Broker **(Selling Firm)** and Cooperating Broker agrees to accept, out of Listing Broker's proceeds in escrow: **(i)** the amount specified in the MLS, provided Cooperating Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS; or **(ii)** ☐ (if checked) the amount specified in a separate written agreement (C.A.R. Form CBC) between Listing Broker and Cooperating Broker. Declaration of License and Tax (C.A.R. Form DLT) may be used to document that tax reporting will be required or that an exemption exits.

Real Estate Broker (Selling Firm) RE/MAX Estates DRE Lic. # 01453972
By Glenn Podell Glenn Podell DRE Lic. # 00096361 5/29/2010 Date 05/18/2010
Address 30077 Agoura Court Suite 200 City Agoura Hills State Ca Zip 91301
Telephone (818)235-8099 Fax (818)707-7566 E-mail glennpodell@hotmail.com

Real Estate Broker (Listing Firm) Century 21 A 1 Pro DRE Lic. # 01200526
By Carmelita Tiongson Carmelita Tiongson DRE Lic. # 00830030 Date 05/18/2010 5/29/2010
Address 1203 S. Euclid St City Anaheim State Ca Zip 92802
Telephone [illegible] Fax (714)635-5639 E-mail

**ESCROW HOLDER ACKNOWLEDGMENT:**

Escrow Holder acknowledges receipt of a Copy of this Agreement, (if checked, ☐ a deposit in the amount of $ ______), counter offer numbered ______, ☐ Seller's Statement of Information and ☐ Other ______, and agrees to act as Escrow Holder subject to paragraph 24 of this Agreement, any supplemental escrow instructions and the terms of Escrow Holder's general provisions if any.

Escrow Holder is advised that the date of Confirmation of Acceptance of the Agreement as between Buyer and Seller is ______

Escrow Holder ______ Escrow # ______
By ______ Date ______
Address ______
Phone/Fax/E-mail ______
Escrow Holder is licensed by the California Department of ☐ Corporations, ☐ Insurance, ☐ Real Estate. License # ______

**PRESENTATION OF OFFER:** (______) Listing Broker presented this offer to Seller on ______ (date).
Broker or Designee Initials

**REJECTION OF OFFER:** (____)(____) No counter offer is being made. This offer was rejected by Seller on ______ (date)
Seller's Initials

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by
Broker or Designee ______ Date ______

Weiss

DocuSign Envelope ID: 99F769AF-E907-4ECF-A3C3-1E9D1801CB7F

CALIFORNIA
ASSOCIATION
OF REALTORS®

# BUYER'S INSPECTION ADVISORY

**(C.A.R. Form BIA-A, Revised 10/02)**

Property Address: 4612 Vista Del Monte Ave #5, Sherman Oaks Ca 91403 ("Property").

**A. IMPORTANCE OF PROPERTY INVESTIGATION:** The physical condition of the land and improvements being purchased is not guaranteed by either Seller or Brokers. For this reason, you should conduct thorough investigations of the Property personally and with professionals who should provide written reports of their investigations. A general physical inspection typically does not cover all aspects of the Property nor items affecting the Property that are not physically located on the Property. If the professionals recommend further investigations, including a recommendation by a pest control operator to inspect inaccessible areas of the Property, you should contact qualified experts to conduct such additional investigations.

**B. BUYER RIGHTS AND DUTIES:** You have an affirmative duty to exercise reasonable care to protect yourself, including discovery of the legal, practical and technical implications of disclosed facts, and the investigation and verification of information and facts that you know or that are within your diligent attention and observation. The purchase agreement gives you the right to investigate the Property. If you exercise this right, and you should, you must do so in accordance with the terms of that agreement. This is the best way for you to protect yourself. It is extremely important for you to read all written reports provided by professionals and to discuss the results of inspections with the professional who conducted the inspection. You have the right to request that Seller make repairs, corrections or take other action based upon items discovered in your investigations or disclosed by Seller. If Seller is unwilling or unable to satisfy your requests, or you do not want to purchase the Property in its disclosed and discovered condition, you have the right to cancel the agreement if you act within specific time periods. If you do not cancel the agreement in a timely and proper manner, you may be in breach of contract.

**C. SELLER RIGHTS AND DUTIES:** Seller is required to disclose to you material facts known to him/her that affect the value or desirability of the Property. However, Seller may not be aware of some Property defects or conditions. Seller does not have an obligation to inspect the Property for your benefit nor is Seller obligated to repair, correct or otherwise cure known defects that are disclosed to you or previously unknown defects that are discovered by you or your inspectors during escrow. The purchase agreement obligates Seller to make the Property available to you for investigations.

**D. BROKER OBLIGATIONS:** Brokers do not have expertise in all areas and therefore cannot advise you on many items, such as soil stability, geologic or environmental conditions, hazardous or illegal controlled substances, structural conditions of the foundation or other improvements, or the condition of the roof, plumbing, heating, air conditioning, electrical, sewer, septic, waste disposal, or other system. The only way to accurately determine the condition of the Property is through an inspection by an appropriate professional selected by you. If Broker gives you referrals to such professionals, Broker does not guarantee their performance. You may select any professional of your choosing. In sales involving residential dwellings with no more than four units, Brokers have a duty to make a diligent visual inspection of the accessible areas of the Property and to disclose the results of that inspection. However, as some Property defects or conditions may not be discoverable from a visual inspection, it is possible Brokers are not aware of them. If you have entered into a written agreement with a Broker, the specific terms of that agreement will determine the nature and extent of that Broker's duty to you. **YOU ARE STRONGLY ADVISED TO INVESTIGATE THE CONDITION AND SUITABILITY OF ALL ASPECTS OF THE PROPERTY. IF YOU DO NOT DO SO, YOU ARE ACTING AGAINST THE ADVICE OF BROKERS.**

**E. YOU ARE ADVISED TO CONDUCT INVESTIGATIONS OF THE ENTIRE PROPERTY, INCLUDING, BUT NOT LIMITED TO THE FOLLOWING:**

1. **GENERAL CONDITION OF THE PROPERTY, ITS SYSTEMS AND COMPONENTS:** Foundation, roof, plumbing, heating, air conditioning, electrical, mechanical, security, pool/spa, other structural and non-structural systems and components, fixtures, built-in appliances, any personal property included in the sale, and energy efficiency of the Property. (Structural engineers are best suited to determine possible design or construction defects, and whether improvements are structurally sound.)
2. **SQUARE FOOTAGE, AGE, BOUNDARIES:** Square footage, room dimensions, lot size, age of improvements and boundaries. Any numerical statements regarding these items are APPROXIMATIONS ONLY and have not been verified by Seller and cannot be verified by Brokers. Fences, hedges, walls, retaining walls and other natural or constructed barriers or markers do not necessarily identify true Property boundaries. (Professionals such as appraisers, architects, surveyors and civil engineers are best suited to determine square footage, dimensions and boundaries of the Property.)
3. **WOOD DESTROYING PESTS:** Presence of, or conditions likely to lead to the presence of wood destroying pests and organisms and other infestation or infection. Inspection reports covering these items can be separated into two sections: Section 1 identifies areas where infestation or infection is evident. Section 2 identifies areas where there are conditions likely to lead to infestation or infection. A registered structural pest control company is best suited to perform these inspections.
4. **SOIL STABILITY:** Existence of fill or compacted soil, expansive or contracting soil, susceptibility to slippage, settling or movement, and the adequacy of drainage. (Geotechnical engineers are best suited to determine such conditions, causes and remedies.)

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1991-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.

SL KL

Buyer's Initials ( JW ) ( NK )
Seller's Initials ( J ) ( ______ )

Reviewed by ________ Date ______

| Agent: Glenn Podell | Phone: (818)707-7117 | Fax: (818)707-7566 | Prepared using zipForm® software |
|---|---|---|---|
| Broker: Re/Max Estates 30077 Agoura Court Agoura Hills, CA 91301 | | | |

DocuSign Envelope ID: 99F769AF-E907-4ECF-A3C3-1E9D1801CB7F

Property Address: 4612 Vista Del Monte Ave #5, Sherman Oaks Ca 91403 Date: May 18, 2010

5. **ROOF:** Present condition, age, leaks, and remaining useful life. (Roofing contractors are best suited to determine these conditions.)
6. **POOL/SPA:** Cracks, leaks or operational problems. (Pool contractors are best suited to determine these conditions.)
7. **WASTE DISPOSAL:** Type, size, adequacy, capacity and condition of sewer and septic systems and components, connection to sewer, and applicable fees.
8. **WATER AND UTILITES; WELL SYSTEMS AND COMPONENTS:** Water and utility availability, use restrictions and costs. Water quality, adequacy, condition, and performance of well systems and components.
9. **ENVIRONMENTAL HAZARDS:** Potential environmental hazards, including, but not limited to, asbestos, lead-based paint and other lead contamination, radon, methane, other gases, fuel oil or chemical storage tanks, contaminated soil or water, hazardous waste, waste disposal sites, electromagnetic fields, nuclear sources, and other substances, materials, products, or conditions (including mold (airborne, toxic or otherwise), fungus or similar contaminants). (For more information on these items, you may consult an appropriate professional or read the booklets "Environmental Hazards: A Guide for Homeowners, Buyers, Landlords and Tenants," "Protect Your Family From Lead in Your Home" or both.)
10. **EARTHQUAKES AND FLOODING:** Susceptibility of the Property to earthquake/seismic hazards and propensity of the Property to flood. (A Geologist or Geotechnical Engineer is best suited to provide information on these conditions.)
11. **FIRE, HAZARD AND OTHER INSURANCE:** The availability and cost of necessary or desired insurance may vary. The location of the Property in a seismic, flood or fire hazard zone, and other conditions, such as the age of the Property and the claims history of the Property and Buyer, may affect the availability and need for certain types of insurance. Buyer should explore insurance options early as this information may affect other decisions, including the removal of loan and inspection contingencies. (An insurance agent is best suited to provide information on these conditions.)
12. **BUILDING PERMITS, ZONING AND GOVERNMENTAL REQUIREMENTS:** Permits, inspections, certificates, zoning, other governmental limitations, restrictions, and requirements affecting the current or future use of the Property, its development or size. (Such information is available from appropriate governmental agencies and private information providers. Brokers are not qualified to review or interpret any such information.)
13. **RENTAL PROPERTY RESTRICTIONS:** Some cities and counties impose restrictions that limit the amount of rent that can be charged, the maximum number of occupants; and the right of a landlord to terminate a tenancy. Deadbolt or other locks and security systems for doors and windows, including window bars, should be examined to determine whether they satisfy legal requirements. (Government agencies can provide information about these restrictions and other requirements.)
14. **SECURITY AND SAFETY:** State and local Law may require the installation of barriers, access alarms, self-latching mechanisms and/or other measures to decrease the risk to children and other persons of existing swimming pools and hot tubs, as well as various fire safety and other measures concerning other features of the Property. Compliance requirements differ from city to city and county to county. Unless specifically agreed, the Property may not be in compliance with these requirements. (Local government agencies can provide information about these restrictions and other requirements.)
15. **NEIGHBORHOOD, AREA, SUBDIVISION CONDITIONS; PERSONAL FACTORS:** Neighborhood or area conditions, including schools, proximity and adequacy of law enforcement, crime statistics, the proximity of registered felons or offenders, fire protection, other government services, availability, adequacy and cost of any speed-wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, protected species, wetland properties, botanical diseases, historic or other governmentally protected sites or improvements, cemeteries, facilities and condition of common areas of common interest subdivisions, and possible lack of compliance with any governing documents or Homeowners' Association requirements, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Buyer.

Buyer and Seller acknowledge and agree that Broker: **(i)** Does not decide what price Buyer should pay or Seller should accept; **(ii)** Does not guarantee the condition of the Property; **(iii)** Does not guarantee the performance, adequacy or completeness of inspections, services, products or repairs provided or made by Seller or others; **(iv)** Does not have an obligation to conduct an inspection of common areas or areas off the site of the Property; **(v)** Shall not be responsible for identifying defects on the Property, in common areas, or offsite unless such defects are visually observable by an inspection of reasonably accessible areas of the Property or are known to Broker; **(vi)** Shall not be responsible for inspecting public records or permits concerning the title or use of Property; **(vii)** Shall not be responsible for identifying the location of boundary lines or other items affecting title; **(viii)** Shall not be responsible for verifying square footage, representations of others or information contained in Investigation reports, Multiple Listing Service, advertisements, flyers or other promotional material; **(ix)** Shall not be responsible for providing legal or tax advice regarding any aspect of a transaction entered into by Buyer or Seller; and **(x)** Shall not be responsible for providing other advice or information that exceeds the knowledge, education and experience required to perform real estate licensed activity. Buyer and Seller agree to seek legal, tax, insurance, title and other desired assistance from appropriate professionals.

**By signing below, Buyer and Seller each acknowledge that they have read, understand, accept and have received a Copy of this Advisory. Buyer is encouraged to read it carefully.**

| | | | |
|---|---|---|---|
| Buyer Signature | Date 05/18/2010 | Buyer Signature | Date 05/18/2010 |
| Yitz Erik Weiss | 6/1/2010 | Nechama Dina Weiss | 6/1/2010 |
| Seller Signature Kim Lopez | Date 05/18/2010 | Seller Signature Sam Lopez | Date 05/18/2010 |
| Kim T Lopez | | Sam Lopez | |

THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by
REAL ESTATE BUSINESS SERVICES, INC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by ________ Date ________

Weiss

DocuSign Envelope ID: 99F769AF-E907-4ECF-A3C3-1E9D1801CB7F

CALIFORNIA
ASSOCIATION
OF REALTORS®

# SHORT SALE ADDENDUM

**(C.A.R. Form SSA, 4/09)**

This is an addendum to the ☒ California Residential Purchase Agreement, ☐ Counter Offer, ☐ Other ______ ("Agreement"), dated *May 18, 2010*, on property known as *4612 Vista Del Monte Ave #5, Sherman Oaks Ca 91403* ("Property"), between *Yitz Erik Weiss, Nechama Dina Weiss* ("Buyer") and *Kim T Lopez, Sam Lopez* ("Seller").

A. **SHORT SALE APPROVAL.** This Agreement is contingent upon Seller's receipt of written consent from all existing secured lenders and lienholders ("Short-Sale Lenders"), no later than 5:00 P.M. on *August 18, 2010* (date) ("Short-Sale Contingency Date"), to reduce their respective loan balances by an amount sufficient to permit the proceeds from the sale of the Property to pay the existing balances on loans secured by the Property, real property taxes, brokerage commissions, closing costs, and other monetary obligations the Agreement requires Seller to pay at Close Of Escrow (including, but not limited to, escrow charges, title charges, documentary transfer taxes, prorations, retrofit costs and Repairs) without requiring Seller to place any funds into escrow or have any continuing obligation to Short-Sale Lender. If by the Short-Sale Contingency Date, either: (i) Seller does not receive Short-Sale Lenders' written consent or (ii) Seller fails to give Buyer a copy of Short-Sale Lender's written consent then either Seller or Buyer, respectively, may cancel the Agreement in writing, and Buyer shall be entitled to a return of any deposit. Seller shall reasonably cooperate with existing Short-Sale lenders in the short-sale process.

B. **TIME PERIODS: BUYER'S DEPOSIT CHECK:**

1. Time periods in the Agreement for inspections, contingencies, covenants, and other obligations: **(i)** shall begin as specified in the Agreement; or **(ii)** (if checked) ☐ shall begin the Day After Seller delivers to Buyer written notice of Short-Sale Lenders' consent. However, even if Paragraph B1(ii) is checked, time periods for providing pre-approval/pre-qualification letters and verification of down payment and closing costs shall nonetheless begin as otherwise specified in the Agreement.
2. Buyer's deposit check shall be: **(i)** immediately handled as provided in the Agreement; or **(ii)** (if checked) ☐ held uncashed until the Day After Seller delivers to Buyer a written notice of Short Sale Lenders' consent.

C. **NO ASSURANCE OF LENDER APPROVAL.** Buyer and Seller understand that Short-Sale Lenders: **(i)** are not obligated to give consent to a short-sale; **(ii)** may require Seller to forward any other offer received; and **(iii)** may give consent to other offers. Additionally, Short-Sale Lenders may require that, in order to obtain their approval for a short sale, some terms of the Agreement, such as the Close of Escrow, be amended or that Seller sign a personal note or some other obligation for all or a portion of the amount of the secured debt reduction. Buyer and Seller do not have to agree to any of Short-Sale Lenders' proposed terms. Buyer, Seller and Brokers do not have control over whether Short-Sale Lenders will consent to a short-sale, or any act, omission, or decision by any Short-Sale Lender in the short-sale process.

D. **BUYER AND SELLER COSTS.** Buyer and Seller acknowledge that each may incur costs in connection with rights or obligations under the Agreement. These costs may include, but are not limited to, payments for loan applications, inspections, appraisals, and other reports. Such costs will be the sole responsibility of the party incurring them, if Short-Sale Lenders do not consent to the transaction or either party cancels pursuant to the Agreement.

E. **OTHER OFFERS.** Unless otherwise agreed in writing, Seller may continue to market the Property despite acceptance of Buyer's offer, and to present to Short-Sale Lender(s) any additional offers that are received on the Property.

F. **CREDIT, LEGAL AND TAX ADVICE.** Seller is informed that a short-sale may have credit or legal consequences and may result in taxable income to Seller. **Seller is advised to seek advice from an attorney, certified public accountant or other expert regarding such potential consequences of a short-sale.**

**By signing below, Buyer and Seller each acknowledge that they have read, understand, accept and have received a copy of this Short Sale Addendum.**

Date *May 18, 2010*

Buyer [signature]
*Yitz Erik Weiss*

Buyer [signature]
*Nechama Dina Weiss*

6/1/2010
Date *May 18, 2010*

Seller Kim Lopez
*Kim T Lopez*

Seller Sam Lopez
*Sam Lopez*

The copyright laws of the United States (TITLE 17 U.S. Code) forbid the unauthorized reproduction of this form by any means, including facsimile or computerized formats. Copyright © 2007-2009, CALIFORNIA ASSOCIATION OF REALTORS®. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by
REAL ESTATE BUSINESS SERVICES, INC.
*a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

Reviewed by ______ Date ______

Agent: Glenn Podell Phone: (818)707-7117 Fax: (818)707-7566 Prepared using zipForm® software
Broker: Re/Max Estates 30077 Agoura Court Agoura Hills, CA 91301

# EXHIBIT "B"

DocuSign Envelope ID: 13BC11C9-167E-451E-9508-80A5273852B0

CALIFORNIA ASSOCIATION OF REALTORS®

# COUNTER OFFER No. 1

**For use by Seller or Buyer. May be used for Multiple Counter Offer.**
**(C.A.R. Form CO, Revised 10/04)**

Date May 29, 2010, at Sherman Oaks, California.
This is a counter offer to the: [X] California Residential Purchase Agreement, [ ] Counter Offer, or [ ] Other ("Offer"), dated May 18, 2010, on property known as 4612 Vista Del Monte ("Property"), between Yitz Erik Weiss, Nechama Dina Weiss ("Buyer") and Sam Lopez, Kim T Lopez ("Seller").

1. **TERMS:** The terms and conditions of the above referenced document are **accepted subject to the following:**
   A. **Paragraphs in the Offer that require initials by all parties, but are not initialed by all parties, are excluded from the final agreement unless specifically referenced for inclusion in paragraph 1C of this or another Counter Offer.**
   B. **Unless otherwise agreed in writing, down payment and loan amount(s) will be adjusted in the same proportion as in the original Offer.**
   C. *This is a Short Sale with Notice of Default. Price, terms,conditions,selling costs and closing of escrow are subject to approval by 2 lienholders and their investors. Property is sold as is, no home warranty, no termite clearnce will be provided by sellers and the lienholders. Buyer to be responsible for any city pre-sale requirements and 9A report. Escrow and Title are seller's choice. Items not included in the sale are custom drapes,washer,dryer,refrigerator. Occupancy to be 3 days after close of escrow.*
   D. **The following attached supplements are incorporated into this Counter Offer:** [ ] Addendum No. ______
   [ ] ______ [ ] ______
2. **RIGHT TO ACCEPT OTHER OFFERS:** Seller has the right to continue to offer the Property for sale or for other transaction, and to accept any other offer at any time prior to notification of acceptance, as described in paragraph 3. If this is a Seller Counter Offer, Seller's acceptance of another offer prior to Buyer's acceptance and communication of notification of this Counter Offer, shall revoke this Counter Offer.
3. **EXPIRATION:** This Counter Offer shall be deemed revoked and the deposits, if any, shall be returned unless this Counter Offer is signed by the Buyer or Seller to whom it is sent and a Copy of the signed Counter Offer is personally received by the person making this Counter Offer or ______, who is authorized to receive it, by 5:00 PM on the third Day After this Counter Offer is made or, (if checked) by [ ] ______ (date), at ______ [ ] AM [ ] PM. This Counter Offer may be executed in counterparts.
4. [X] **(If checked:) MULTIPLE COUNTER OFFER:** Seller is making a Counter Offer(s) to another prospective buyer(s) on terms that may or may not be the same as in this Counter Offer. Acceptance of this Counter Offer by Buyer shall **not** be binding unless and until it is subsequently re-Signed by Seller in paragraph 7 below and a Copy of the Counter Offer Signed in paragraph 7 is personally received by Buyer or by RE/Max Estates c/o Glenn Podell, who is authorized to receive it, by 5:00PM on the third Day after this Counter Offer is made or, (if checked) by [ ] ______ (date), at ______ [ ] AM [ ] PM. Prior to the completion of all of these events, Buyer and Seller shall have no duties or obligations for the purchase or sale of the Property.
5. **OFFER:** [ ] **BUYER OR** [X] **SELLER MAKES THIS COUNTER OFFER ON THE TERMS ABOVE AND ACKNOWLEDGES RECEIPT OF A COPY.**
   Sam Lopez — DocuSigned By: Sam Lopez — Date 6/1/2010
   Kim T Lopez — DocuSigned By: Kim Lopez (9B36389218A44A2...) — Date 6/1/2010
6. **ACCEPTANCE: I/WE** accept the above Counter Offer **(If checked [ ] SUBJECT TO THE ATTACHED COUNTER OFFER)** and acknowledge receipt of a Copy.
   [signature] Date 6/2/10 Time 10:05 [X] AM [ ] PM
   N. Dina Weiss Date 6/2/2010 Time 10:10 [X] AM [ ] PM
7. **MULTIPLE COUNTER OFFER SIGNATURE LINE: By signing below, Seller accepts this Multiple Counter Offer.**
   **NOTE TO SELLER: Do NOT sign in this box until after Buyer signs in paragraph 6. (Paragraph 7 applies only if paragraph 4 is checked.)**
   ______ **Date** ______ **Time** ______ [ ] **AM** [ ] **PM**
   ______ **Date** ______ **Time** ______ [ ] **AM** [ ] **PM**
8. (______ /______ ) (Initials) **Confirmation of Acceptance:** A Copy of Signed Acceptance was personally received by the maker of the Counter Offer, or that person's authorized agent as specified in paragraph 3 (or, if this is a Multiple Counter Offer, the Buyer or Buyer's authorized agent as specified in paragraph 4) on (date) ______, at ______ [ ] AM [ ] PM. **A binding Agreement is created when a Copy of Signed Acceptance is personally received by the the maker of the Counter Offer, or that person's authorized agent (or, if this is a Multiple Counter Offer, the Buyer or Buyer's authorized agent) whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Confirmation of Acceptance has occurred.**

The copyright laws of the United States (Title 17 U.S. Code) forbid the unauthorized reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. Copyright © 1986-2004, CALIFORNIA ASSOCIATION OF REALTORS®, INC. ALL RIGHTS RESERVED.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ADEQUACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is available for use by the entire real estate industry. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, INC.
*a subsidiary of the California Association of REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

4392215EACFC4B5...
Glenn Podell
DocuSigned By: Glenn Podell

Reviewed by ______ Date ______

EQUAL HOUSING OPPORTUNITY

Agent: Carmelita Manzanares Phone: 714-635-4011 214 Fax: 714-635-5639 Prepared using zipForm® software
Broker: Century 21 All Pro 1203 S. Euclid St. Anaheim, CA 92802

## CIVIL CODE SECTIONS 2079.13 THROUGH 2079.24 (2079.16 APPEARS ON THE FRONT)

DocuSign Envelope ID: 99F769AF-E907-4ECF-A3C3-1E9D1801CB7F

**2079.13** As used in Sections 2079.14 to 2079.24, inclusive, the following terms have the following meanings: **(a)** "Agent" means a person acting under provisions of title 9 (commencing with Section 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained. **(b)** "Associate licensee" means a person who is licensed as a real estate broker or salesperson under Chapter 3 (commencing with Section 10130) of Part 1 of Division 4 of the Business and Professions Code and who is either licensed under a broker or has entered into a written contract with a broker to act as the broker's agent in connection with acts requiring a real estate license and to function under the broker's supervision in the capacity of an associate licensee. The agent in the real property transaction bears responsibility for his or her associate licensees who perform as agents of the agent. When an associate licensee owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the associate licensee functions. **(c)** "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction. "Buyer" includes vendee or lessee. **(d)** "Dual agent" means an agent acting, either directly or through an associate licensee, as agent for both the seller and the buyer in a real property transaction. **(e)** "Listing agreement" means a contract between an owner of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer. **(f)** "Listing agent" means a person who has obtained a listing of real property to act as an agent for compensation. **(g)** "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the listing agent. **(h)** "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. **(i)** "Offer to purchase" means a written contract executed by a buyer acting through a selling agent which becomes the contract for the sale of the real property upon acceptance by the seller. **(j)** "Real property" means any estate specified by subdivision (1) or (2) of Section 761 in property which constitutes or is improved with one to four dwelling units, any leasehold in this type of property exceeding one year's duration, and mobile homes, when offered for sale or sold through an agent pursuant to the authority contained in Section 10131.6 of the Business and Professions Code. **(k)** "Real property transaction" means a transaction for the sale of real property in which an agent is employed by one or more of the principals to act in that transaction, and includes a listing or an offer to purchase. **(l)** "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer, and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of Section 2985, and transactions for the creation of a leasehold exceeding one year's duration. **(m)** "Seller" means the transferor in a real property transaction, and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another. "Seller" includes both a vendor and a lessor. **(n)** "Selling agent" means a listing agent who acts alone, or an agent who acts in cooperation with a listing agent, and who sells or finds and obtains a buyer for the real property, or an agent who locates property for a buyer or who finds a buyer for a property for which no listing exists and presents an offer to purchase to the seller. **(o)** "Subagent" means a person to whom an agent delegates agency powers as provided in Article 5 (commencing with Section 2349) of Chapter 1 of Title 9. However, "subagent" does not include an associate licensee who is acting under the supervision of an agent in a real property transaction.

**2079.14** Listing agents and selling agents shall provide the seller and buyer in a real property transaction with a copy of the disclosure form specified in Section 2079.16, and, except as provided in subdivision (c), shall obtain a signed acknowledgement of receipt from that seller or buyer, except as provided in this section or Section 2079.15, as follows: **(a)** The listing agent, if any, shall provide the disclosure form to the seller prior to entering into the listing agreement. **(b)** The selling agent shall provide the disclosure form to the seller as soon as practicable prior to presenting the seller with an offer to purchase, unless the selling agent previously provided the seller with a copy of the disclosure form pursuant to subdivision (a). **(c)** Where the selling agent does not deal on a face-to-face basis with the seller, the disclosure form prepared by the selling agent may be furnished to the seller (and acknowledgement of receipt obtained for the selling agent from the seller) by the listing agent, or the selling agent may deliver the disclosure form by certified mail addressed to the seller at his or her last known address, in which case no signed acknowledgement of receipt is required. **(d)** The selling agent shall provide the disclosure form to the buyer as soon as practicable prior to execution of the buyer's offer to purchase, except that if the offer to purchase is not prepared by the selling agent, the selling agent shall present the disclosure form to the buyer not later than the next business day after the selling agent receives the offer to purchase from the buyer.

**2079.15** In any circumstance in which the seller or buyer refuses to sign an acknowledgement of receipt pursuant to Section 2079.14, the agent, or an associate licensee acting for an agent, shall set forth, sign, and date a written declaration of the facts of the refusal.

**2079.16** Reproduced on Page 1 of this AD form.

**2079.17 (a)** As soon as practicable, the selling agent shall disclose to the buyer and seller whether the selling agent is acting in the real property transaction exclusively as the buyer's agent, exclusively as the seller's agent, or as a dual agent representing both the buyer and the seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the selling agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. **(b)** As soon as practicable, the listing agent shall disclose to the seller whether the listing agent is acting in the real property transaction exclusively as the seller's agent, or as a dual agent representing both the buyer and seller. This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the listing agent prior to or coincident with the execution of that contract by the seller.

**(c)** The confirmation required by subdivisions (a) and (b) shall be in the following form.

**(DO NOT COMPLETE, SAMPLE ONLY)** is the agent of (check one): ☐ the seller exclusively; or ☐ both the buyer and seller.
(Name of Listing Agent)

**(DO NOT COMPLETE, SAMPLE ONLY)** is the agent of (check one): ☐ the buyer exclusively; or ☐ the seller exclusively; or ☐ both the buyer and seller.
(Name of Selling Agent if not the same as the Listing Agent)

**(d)** The disclosures and confirmation required by this section shall be in addition to the disclosure required by Section 2079.14.

**2079.18** No selling agent in a real property transaction may act as an agent for the buyer only, when the selling agent is also acting as the listing agent in the transaction.

**2079.19** The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer. A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.

**2079.20** Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of Section 2079.14 and Section 2079.17 are complied with.

**2079.21** A dual agent shall not disclose to the buyer that the seller is willing to sell the property at a price less than the listing price, without the express written consent of the seller. A dual agent shall not disclose to the seller that the buyer is willing to pay a price greater than the offering price, without the express written consent of the buyer. This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.

**2079.22** Nothing in this article precludes a listing agent from also being a selling agent, and the combination of these functions in one agent does not, of itself, make that agent a dual agent.

**2079.23** A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship.

**2079.24** Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

DS SL DS KL Buyer's/Tenant's Initials ( YW ) ( NW )
Seller's/Landlord Initials ( ) ( )

Reviewed by ________ Date ________

Copyright © 1991-2009, CALIFORNIA ASSOCIATION OF REALTORS®, INC.

EQUAL HOUSING OPPORTUNITY

Untitled

DocuSign Envelope ID: 99F769AF-E907-4ECF-A3C3-1E9D1801CB7F

Property Address: 4612 Vista Del Monte Ave #5 Sherman Oaks, Ca 91403 Date: May 18, 2010

25. **LIQUIDATED DAMAGES: If Buyer fails to complete this purchase because of Buyer's default, Seller shall retain, as liquidated damages, the deposit actually paid. If the Property is a dwelling with no more than four units, one of which Buyer intends to occupy, then the amount retained shall be no more than 3% of the purchase price. Any excess shall be returned to Buyer. Release of funds will require mutual, Signed release instructions from both Buyer and Seller, judicial decision or arbitration award. AT TIME OF THE INCREASED DEPOSIT BUYER AND SELLER SHALL SIGN A SEPARATE LIQUIDATED DAMAGES PROVISION FOR ANY INCREASED DEPOSIT. (C.A.R. FORM RID).**

Buyer's Initials ____ / ____ Seller's Initials ____ / ____

26. **DISPUTE RESOLUTION:**

A. **MEDIATION:** Buyer and Seller agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action. **Buyer and Seller also agree to mediate any disputes or claims with Broker(s), who, in writing, agree to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to the Broker.** Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED. **Exclusions from this mediation agreement are specified in paragraph 26C.**

B. **ARBITRATION OF DISPUTES:**

**Buyer and Seller agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration. Buyer and Seller also agree to arbitrate any disputes or claims with Broker(s), who, in writing, agree to such arbitration prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of residential real estate Law experience, unless the parties mutually agree to a different arbitrator. The parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part 3 of the Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered into any court having jurisdiction. Enforcement of this agreement to arbitrate shall be governed by the Federal Arbitration Act. Exclusions from this arbitration agreement are specified in paragraph 26C.**

**"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."**

**"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."**

Buyer's Initials ____ / ____ Seller's Initials ____ / ____

C. **ADDITIONAL MEDIATION AND ARBITRATION TERMS:**

(1) **EXCLUSIONS: The following matters shall be excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; (iii) the filing or enforcement of a mechanic's lien; and (iv) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver or violation of the mediation and arbitration provisions.**

(2) **BROKERS: Brokers shall not be obligated or compelled to mediate or arbitrate unless they agree to do so in writing. Any Broker(s) participating in mediation or arbitration shall not be deemed a party to the Agreement.**

27. **TERMS AND CONDITIONS OF OFFER:**
This is an offer to purchase the Property on the above terms and conditions. The liquidated damages paragraph or the arbitration of disputes paragraph is incorporated in this Agreement if initialed by all parties or if incorporated by mutual agreement in a counter offer or addendum. If at least one but not all parties initial such paragraph(s), a counter offer is required until agreement is reached. Seller has the right to continue to offer the Property for sale and to accept any other offer at any time prior to notification of Acceptance. If this offer is accepted and Buyer subsequently defaults Buyer may be responsible for payment of Brokers' compensation. This Agreement and any supplement, addendum or modification, including any Copy, may be Signed in two or more counterparts, all of which shall constitute one and the same writing.

28. **TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Except as otherwise specified, this Agreement shall be interpreted and disputes shall be resolved in accordance with the laws of the State of California. **Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing Signed by Buyer and Seller.**

Buyer's Initials ( ____ ) ( ____ )

Seller's Initials ( ____ ) ( ____ )

Reviewed by ________ Date ________

Copyright © 1991-2010, CALIFORNIA ASSOCIATION OF REALTORS®, INC.

EQUAL HOUSING OPPORTUNITY

# EXHIBIT "C"

FROM : Lopez FAX NO. : 818-905-9433 Jul. 10 2010 02:39PM P1

RECORDING REQUESTED BY:

ServiceLink - San Bernardino

WHEN RECORDED MAIL TO:

FCI LENDER SERVICES, INC.
8180 EAST KAISER BLVD.
ANAHEIM HILLS, CA 92808

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

Title Order No.: 396989
APN: 2265-012-033 Trustee Sale No.: 70538 Loan No.: 9042118505

# NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 01/18/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

---

On 07/13/2010 at 10:00AM, DSL SERVICE COMPANY as the duly appointed Trustee under and pursuant to Deed of Trust RECORDED ON 02/01/06 AS DOC #06-0240014, MODIFICATION RECORDED ON 12/31/08 AS DOC #20082277489 of official records in the Office of the Recorder of Los Angeles County, California, executed by:

KIM T. LOPEZ and SAM LOPEZ, Wife and Husband

, as Trustor

DOWNEY SAVINGS AND LOAN ASSOCIATION, F.A.

, as Beneficiary

WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (payable at time of sale in lawful money of the United States, by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state). At: THE WEST SIDE OF THE LOS ANGELES COUNTY COURTHOUSE, SOUTHEAST DISTRICT, 12720 NORWALK BLVD., NORWALK, CA,

all right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County, California describing the land therein: AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST.

0538

TS-NOS

TS0521

090626





# EXHIBIT "D"





All of us serving you

3121 Michelson Drive, Suite 500
Irvine, CA 92612

July 21, 2010

KIM T LOPEZ
SAM LOPEZ
4612 VISTA DEL MONTE AVE # 5
SHERMAN OAKS CA 91403

RE: Real Estate Loan # 9042118505
Property Address: SAME AS ABOVE

TO WHOM IT MAY CONCERN:

This is in response to your request that U.S. Bank, N.A. consider a short payoff offer on the above referenced loan.

Your short payoff request has been declined due to Bankruptcy 7 filing on 06/22/10. Please obtain short sale clearance from the Bankruptcy court and re-submit a completed short sale package along with Jr. Lien short payoff approval letter, Sales contract, Extended listing agreement and offer at fair market value. The Broker's Opinion value on file is $580,000.00.

Should you have any questions with regard to the above, please contact our Bankruptcy Department at (800) 824-6902

Sincerely,

Carmen Hechter
Short Sale Negotiator
Default Resolution Dept.

cc: Carmelita Tiongson with All Pro R/E
Fax: (562) 926-4000

Main Document Page 31 of 31

| In re: LOPEZ, Sam and Kim Debtor(s). | CHAPTER 7<br>CASE NUMBER 1:10-bk-18450-GM |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 222 N. Sepulveda Blvd., Suite 2000, El Segundo, CA 90245

A true and correct copy of the foregoing document described as **DEBTOR'S OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 OF U.S. BANK, N.A., SUCCESSOR IN INTEREST TO FDIC AS RECIVER FOR DOWNEY SAVINGS AND LOAN ASSOCIATION, FA** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 19, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Amy L. Goldman, sfern@bbslaw.com; agoldman@ecf.epiqsystems.com
United States Trustee (LA), Ustpregion16.la.ecf@usdoj.gov
Movant's Counsel, Lee s. Raphael, Prober & Raphael, cmartin@pprlaw.net

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On August 19, 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Geraldine Mund
21041 Burbank Blvd., Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ______________ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 08/19/10 | Shannon O.C. Nelson | /s/ Shannon O.C. Nelson |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009* **F 9013-3.1**